LULU TRIMMER

*v.*

FRANK TRIMMER.

*Opinion filed April 17, 1905.*

DIVORCE—*when proof does not justify decree of divorce for desertion.* A decree of divorce for desertion is properly refused where the bill was filed exactly two years after the date of the alleged desertion, excluding the day of desertion and including the day the bill was filed, but complainant is unable to prove that the date of desertion alleged in the bill is correct, the evidence leaving that question uncertain.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding.

MARSHALL C. GRIFFIN, for plaintiff in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On August 15, 1903, plaintiff in error, Lulu Trimmer, filed in the circuit court of Macon county her bill of complaint against her husband, defendant in error, Frank Trimmer, for divorce, alleging that they were married on June 27, 1901, and that on August 15, 1901, he willfully deserted her without any reasonable cause and had persisted in such desertion for the space of two years. An affidavit of non-residence was filed and publication of notice to the defendant was made. He did not appear and his default was entered. The court heard the testimony of complainant and a witness produced by her, and being of the opinion that the bill was prematurely filed, dismissed it at her cost. Upon a writ of error from the Appellate Court for the Third District defendant in error failed to appear, but the court considered the case on the merits and affirmed the decree. The writ of error

in this case was sued out to review the judgment of the Appellate Court, and defendant in error has not appeared in this court.

According to the averments of the bill which was filed on August 15, 1903, the desertion took place on August 15, 1901, so that by excluding the day of desertion and including the day of filing the bill it continued for exactly the space of two years. It was incumbent upon the complainant to prove that the defendant had willfully deserted or absented himself from her, without any reasonable cause, for the space of two years, and it is insisted that the evidence was sufficient to establish that fact. It is true that by considering only certain answers of the complainant while testifying it can be said that the averments of the bill were proved, but when the whole testimony is considered it is not clear that two years had elapsed from the time of the desertion to the filing of the bill. A conclusion that it was less than two years would harmonize equally well with the evidence. Complainant testified that she lived with the defendant about six weeks, when he took her home to her parents; that about a week afterwards he returned to her, unopened, a letter which she had written him asking him to come and get her, and that on the same day that the letter was returned, in an interview with him in the city of Decatur, she asked him if she could go back with him and he refused. She fixed the date of the desertion or time that he took her home as August 15, 1901, as near as she could tell, but testified that she could not state the exact day. If the date of the desertion alleged in the bill was correct it was filed at the earliest possible time, and we cannot say, from an examination of the record, that the fact alleged was proved.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*