## Frank S. Kahlo, Plaintiff in Error, v. Lucy A. Kahlo, Defendant in Error.

### Gen. No. 21,809.

1. Marriage, § 1*—*what constitutes marriage within one year of time of granting of divorce.* Where the defendant was granted a decree of divorce during the forenoon of June 6, 1913, and was married to the complainant at 5 o'clock p. m., June 6, 1914, *held* that such marriage was within the provision of the statute prohibiting marriage "within one year from the time" a decree of divorce from a prior marriage was granted, in a suit for annulment of marriage under such provision, as the first day should be excluded, and the last included.

2. Time, § 1*—*how computed in statutes.* The general rule for the computation of time under a statute is to exclude the first day and include the last day.

Error to the Superior Court of Cook county; the Hon. Denis E. Sullivan, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded with directions. Opinion filed March 20, 1917.

Joseph R. Burres, for plaintiff in error.

No appearance for defendant in error.

Mr. Justice McGoorty delivered the opinion of the court.

In this case the parties hereto were married at 5 p. m., June 6, 1914. Defendant in error was previously granted a decree of divorce from a certain Roy P. Wilcox during the forenoon of June 6, 1913. Plaintiff in error (hereafter called complainant) filed a bill seeking to annul said marriage, on the ground that same had been performed within the period prohibited by statute, viz., "within one year from the time the decree was granted." Defendant in her answer ad-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

mits that she was divorced and subsequently married on the respective dates aforesaid but contends that such marriage was not within the prohibited time. She also filed her cross-bill, alleging cruelty, and seeking separate maintenance. A decree was entered dismissing complainant's bill and granting defendant separate maintenance in accordance with the relief prayed for in her cross-bill. The main question presented for determination is, did defendant marry complainant within one year from the time the decree of divorce was granted? We construe the statute as requiring computation of time in accordance with the general rule which excludes the first and includes the last day of the period, and that the one year must be computed from the date of the entry of decree. *Ewing v. Bailey*, 5 Ill. (4 Scam.) 420; *Waterman v. Jones*, 28 Ill. 54; *White v. Jones*, 38 Ill. 159; *Bowman v. Wood*, 41 Ill. 203; *Protection Life Ins. Co. v. Palmer*, 81 Ill. 88; *Bigelow v. Willson*, 1 Pick. (Mass.) 494; *Bemis v. Leonard*, 118 Mass. 502; *Cornell v. Moulton*, 3 Denio (N. Y.) 12; *Sheets v. Selden's Lessèe*, 2 Wall. (U. S.) 177, 189; *Cummins v. Holmes*, 11 Ill. App. 158.

In *Seward v. Hayden*, 150 Mass. 158, 5 L. R. A. 844, the court said:

"In computing time under statutes and contracts, the law disregards fractions of a day, unless, on account of the subject-matter or for other important reasons, justice requires that they should be regarded.
* * *

"In reckoning from a day or a date the rule generally adopted excludes the day from which the reckoning runs. Many early cases stated a distinction between computations from a day or a date and computations from an act done or from an event. But this distinction does not rest upon a sound principle, and in most jurisdictions it is no longer recognized. The tendency of recent decisions is very strongly towards the adoption of a general rule which excludes the day

at the *terminus a quo* in such cases. But this rule is not inflexible, and in the interpretation of a statute or contract it yields to a manifest purpose or intention in conflict with it.''

In *Judd v. Fulton,* 10 Barb. (N. Y.) 117, it was held that where one is prohibited from doing an act until after the expiration of a designated time, as thirty days, he cannot do it until the next day after the whole thirty days have expired. Under such rule for computation of time, which is supported by the greater weight of authority, defendant was married within one year from the time the decree was granted and therefore married contrary to the statute in question.

We are of opinion that the court erred in dismissing complainant's bill, and in granting defendant relief upon her cross-bill. The decree of the Superior Court is reversed and the cause remanded with directions for further proceedings in conformity with this opinion.

*Reversed and remanded with directions.*