# Sidney Montgomery Irving, Plaintiff in Error, v. Clara Grobman Irving, Defendant in Error.

## Gen. No. 23,478.

1. DIVORCE, § 172*—*year in which party may remarry as calendar year.* The word "year" used in the statute on "Divorce" (J. & A. ¶ 4126), providing that neither party to a divorce shall marry again within one year from the time the decree was granted, means "calendar year."

2. TIME, § 1*—*how calendar year computed.* In computing time by the calendar year days are not counted, but the calendar is examined and the day numerically corresponding to that day in the following year is ascertained, and the calendar year expires on that day less one.

Error to the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed January 28, 1918.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

GEORGE W. PENNINGTON, for plaintiff in error.

GEORGE L. SCHEIN and LEO H. HOFFMAN, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

Complainant by his bill asked to have his marriage with the defendant declared void. Answer was filed by the defendant, and also a cross-bill alleging cruelty and seeking separate maintenance and solicitor's fees. To this an answer was filed. Upon hearing, the chancellor ordered the bill dismissed, and sustained the cross-bill and awarded the relief prayed for. Complainant by this writ of error seeks the reversal of this decree.

The voiding of the marriage was based by complainant upon the allegation that prior thereto defendant had been married to Frank C. Grobman, from whom she had obtained a decree of divorce, entered in the Superior Court of Cook county on June 27, 1913, and that the marriage to complainant was on June 27, 1914. These are admitted to be the facts by the defendant, and the chancellor so found. Complainant claims that under such circumstances the marriage of the defendant with him was in violation of the statute providing "that in every case in which a divorce has been granted * * * neither party shall marry again within one year from the time the decree was granted." Hurd's Illinois Rev. St. 1916, ch. 40, sec. 1a (J. & A. ¶ 4126).

How shall this year be computed? Complainant argues for the application of the statutory rule of "excluding the first day and including the last" (chapter 131, sec. 1, subsec. 11, J. & A. ¶ 11102) which would make the day of the marriage fall upon the last day of the year of prohibition.

We recognize that a branch of this court, in *Kahlo v. Kahlo,* 204 Ill. App. 409, sustained a similar contention and applied this statute to like facts. We are not in accord with this decision. The statutory provision for "excluding the first day and including the last" is for computation when "the time within which any act provided by law is to be done," which language is not applicable to the divorce statute referred to. We are of the opinion that the situation before us calls for a different rule for computing time. Urder the same statute, chapter 131, sec. 1, subsec. 10 (J. & A. ¶ 11102), the word "year" used in the statute on "Divorce" means "a calendar year," and, in computing time by the calendar year, days are not counted, but the calendar is examined and the day numerically corresponding to that day in the following year is ascertained, and the calendar year expires on that day, less one. Among the cases holding this to be the proper method of computation are *Migotti v. Colvill,* 4 Com. Pl. Div. 233; *McGinn v. State,* 46 Neb. 427; *Marcoux v. Society of Beneficence,* 91 Me. 250; *Nesbit v. Godfrey,* 155 Pa. St. 251; *Buchanan v. Whitman,* 151 N. Y. 253; *Vogel v. State,* 107 Ind. 374; *Taylor v. Brown,* 147 U. S. 640. See also, *People ex rel. Blachly v. Coffin,* opinion by this court in 202 Ill. App. 100, in which we applied this rule of computation, and the opinion of the Supreme Court sustaining this method, in *People v. Coffin,* 279 Ill. 401. The same conclusion was reached in *Trimmer v. Trimmer,* 215 Ill. 121, although apparently by another process.

In view of these cases we are of the opinion that the chancellor was right in holding that the year within which defendant was prohibited from marrying expired on June 26, 1914, and that at the time of her marriage on the following day, that is, June 27th, she was free from any statutory inhibition. It follows, therefore, that her marriage was valid, and that the decree dismissing complainant's bill was proper.

The other points presented for our consideration are based upon the alleged invalidity of the marriage of·the parties, and what we have said is sufficient to dispose of them.

For the reasons above indicated the decree is affirmed.

*Affirmed.*