Minnie Moore Seaman and Emma Seaman, Appellees, v. Florence A. Poorman et al. Appeal of Nell Shrontz, Appellant.

Gen. No. 8,646.

Opinion filed October 13, 1933.

HUNTER & MINOR, for appellant.

DONALD B. CRAIG, FRED H. KELLY, JAMES W. CRAIG, JR., and JAMES CRAIG VAN METER, for appellees.

MR. JUSTICE FULTON delivered the opinion of the court.

Appellees filed a bill for the partition of certain real estate in Coles county, Illinois, on June 11, 1931, directed to the October term 1931, of the circuit court of said county. On June 27, 1931, the appellant, Nell Shrontz, a sister of appellees, and one of the defendants to the original bill, filed a plea setting forth a contract which was entered into between the then owners of about 360 acres of land, all of whom were brothers and sisters, on the 11th day of June, 1926. The plea averred that because of the terms of said contract the bill involved in this case was filed prematurely. Upon a hearing on the plea before the court it was held insufficient. Appellant elected to stand by her plea and was defaulted. After a reference to the master in chancery, and the return of his report, a decree for partition was entered in this cause, from which the appellant has prosecuted this appeal. Appellant does not complain of that part of the decree which fixes the interests of the parties but contends that the filing of the bill was premature.

The contract relied upon by appellant recites that the parties of the first part are the owners of 400 acres of land, more or less; that their father, Hosea D. Moore, departed this life testate on August 3, 1909, leaving said land to their mother, Sarah M. Moore, for her lifetime; that the said Sarah M. Moore departed this life intestate on the 5th day of June, 1926;

.that the parties to the contract had agreed that the parties of the second part should take charge and control of said farm land, rent the same, collect the rents, obtain bids for the sale thereof, and otherwise act as attorneys in fact for the parties of the first part; "shall take charge of the following described premises (here follows description of land), shall rent the same, collect all rents therefrom, keep the buildings and other improvements thereon in repair and insured, pay the insurance premiums and pay the general taxes and special assessments thereon."

The contract contained the following references to the duration thereof:

"Whereas, the parties hereto have agreed that the parties of the second part shall take charge of the said farm land and rent the same, collect the rents, obtain bids for the sale thereof, and otherwise act as Attorneys in Fact for the parties hereto with reference to the said farm land, for a period of five (5) years from this date; Now Therefore, . . .

"This said contract and power of attorney shall run for a period of five (5) years from this date."

Then follows a provision for the earlier determination of the contract by action and notice to the attorneys in fact by a majority of the parties to the agreement. The contract then provides as follows:

"The parties hereto further mutually consent and agree that during the life of this said contract, none of them will file a bill for partition, or any other suit or suits, seeking to have said land divided and seeking to have the same sold, and the parties hereto agree that if any person should file a bill in chancery or a suit at law seeking the partition of the said land, or seeking to have the same sold, that said party so filing said suit will be liable for all court costs and all solicitors' fees, attorneys' fees, and will be liable for all damage

caused to the other parties hereto by the bringing of said suit.''

It is the contention of appellant that in ascertaining the date of the expiration of the period of five years from June 11, 1926, the rule requires the exclusion of the day of the commencement of the contract, and that so reckoned the period was completed at midnight on June 11, 1931, and that this bill filed on June 11, 1931, was filed in violation of the agreement not to partition, and for that reason appellant's plea should have been sustained and the bill dismissed. In support of appellant's theory she relies upon those decisions of our courts which lay down the rule that: ''When an act is required to be performed within a specified time from a day named, the rule is, to exclude the day from which the time commences to run and include the day on which the act is to be performed.''

But this is not a case where an act is required to be performed but the contract prohibits an act from being done for a certain limited time. Under similar cases our courts have held that the computation of time commences with the day specified. In the case of *People v. Coffin,* 279 Ill. 401, the Supreme Court of this State had occasion to construe an ordinance of the City of Chicago covering civil service employees, which provided: ''Original appointment shall be on probation for a period of six months.'' The ordinance further provided that if the employee was not discharged before the expiration of the period of probation, the appointment should be deemed complete. In that case the petitioner was appointed on November 13, 1914, and discharged on May 13, 1915, and in passing upon the method of computing the time the court said:

''The act is not to be done within a particular time after a specified day but is to be done within a particular period of time beginning with a specified day. 'At or before the expiration of the period of probation'

refers to the duration of such period, and the discharge was authorized only during that time. The plaintiffs in error assume that the six months' period of probation is a period of time excluding the day of appointment. No reason is suggested for such construction. The appointment was complete on November 13, 1914. . . . The time within which a probationer may be discharged is not within six months from and after his appointment, but at or before the expiration of the period of six months beginning with the day of his appointment. That period ends six months after his appointment on the corresponding day of the month, less one. The statute provides that if he is not then discharged his appointment shall be deemed complete. 'Then' refers to the expiration of the period of probation. On May 12, 1915, the petitioner's period of probation expired and the attempted discharge on the next day was ineffectual.''

In the suit of *Irving v. Irving,* 209 Ill. App. 318, the court approved this same method of computation. In that case a divorce was granted on June 27, 1913. The statute then prohibited either party from marrying within one year from the time the decree was granted. A marriage by one of the parties on June 27, 1914, was held valid. We believe the rule adopted in those cases applies to the contract relied on in this case and that the trial court properly held the plea of the appellant insufficient and that the decree of said court should be affirmed.

*Affirmed.*