(No. 39915.—■■■■■■■■■

THE PEOPLE *ex rel.* Harold W. Sullivan *et al.,* Petitioners,
*vs.* PAUL POWELL, Secretary of State, Respondent.

*Opinion filed June 16, 1966.*

THOMAS P. SULLIVAN and HUGH M. KING, both of Chicago, (RAYMOND, MAYER, JENNER & BLOCK, of Chicago,) for petitioners.

WILLIAM G. CLARK, Attorney General, of Springfield, (RICHARD A. MICHAEL and PHILIP J. ROCK, Assistant Attorneys General, of counsel,) for respondent.

Mr. JUSTICE HOUSE delivered the opinion of the court:

We granted the motion of petitioners, associate circuit judges of Cook County, for leave to file an original petition for *mandamus* to determine whether the respondent Secretary of State shall record their declaration of candidacy to succeed themselves and certify their candidacies for re-election in the November 8, 1966, general election.

Petitioners were elected judges of the newly created village court of Skokie for a six-year term on December 6, 1960, under an ordinance passed pursuant to section 5 of the act then in force relating to city, village and town courts, (Ill. Rev. Stat. 1959, chap. 37, par. 337,) and commissions were issued to them on December 20, 1960. Courts under that act were abolished on January 1, 1964, the effective date of the amendatory judicial article (article VI) of the Illinois constitution.

Under paragraph 4(c) of the schedule to article VI petitioners became associate judges of the circuit court of Cook County on January 1, 1964. Paragraph 12(b) of the schedule provides: "The terms of all judges in office on January 1, 1963, expiring otherwise than on the first Monday in December in an even numbered year are extended to the first Monday in December after the general election following the date at which such terms would otherwise expire." Section 11 of the article provides that any judge previously elected may seek re-election (retention) by filing a declaration of candidacy with the Secretary of State at least six months prior to the general election next preceding the ex-

piration of his term and the Secretary of State shall certify such candidacy not less than 61 days prior to the election.

The general election in the year 1966 will be held on Tuesday, November 8. Petitioners presented their declarations in apt time before the 1966 election (January 11, 1966) and the respondent refused to accept and file them on the ground that their present terms expire later than Monday, December 5, 1966, and, therefore, their terms are extended to the year 1968 under paragraph 12(b) of the schedule. Petitioners state their belief that their terms began on December 6, 1960, the day they were elected, and apparently fear that if they fail to file their declaration of intention for the 1966 election they will be deemed to have vacated their offices and not be eligible to seek retention under section 11 in a subsequent election.

The first issue is whether petitioners' term began on the date of their election or on December 20, 1960, the date they were commissioned. It was held in *People ex rel. Holdom* v. *Sweitzer,* 280 Ill. 436, that a term of office, when not fixed by a constitution or statute, begins on the date of election. That holding, which involved a circuit judge, was followed in *People ex rel. Douglas* v. *Barrett,* 370 Ill. 464, concerning a member of the General Assembly.

Here, the statute and ordinance provided for a six-year term, the statute containing the clause "and until their successors are elected and qualified," but the beginning and ending of the term is fixed by neither. Respondent suggests that the beginning of the term was "otherwise fixed" by section 22 of the Village Courts Act, (Ill. Rev. Stat. 1959, chap. 37, par. 354,) which provided that a newly created court shall be deemed organized and established when the judge and clerk shall have been qualified and commissioned. It is argued that since petitioners were not commissioned until December 20, 1960, the office did not come into being until that date and therefore the term should begin on the date of the final organization of the court. The qualification

"otherwise fixed" refers to a constitutional or statutory directive fixing the beginning and ending of a term. The fixing of the date of final organization of the court (which had been created by a referendum held some time prior to July 7, 1960) to coincide with the commissioning of the court officers is not significant in fixing the beginning of the officers' terms. The term of the person holding an office may (and usually does at its termination) vary from the term of office. "The term of office of a judge of the circuit court, not being otherwise fixed, begins and ends on the date of election; but it is equally true that the term of the person holding the office, as distinguished from the term of the office itself, does not terminate until his successor has qualified." *People* v. *Rezek*, 410 Ill. 618, 624-625.

We are of the opinion that precedent and logic justifies the view that petitioners' terms began on December 6, 1960, the date of their election. They became legally entitled to their offices the day the voters spoke. "The commission was evidence of the title, but not the title. The title was conferred by the people, and the evidence of the right by the law." (*Mayfield* v. *Moore*, 53 Ill. 428, 432.) That early statement applies with equal force here.

The remaining question is whether petitioners' terms expire on December 5 or 6, 1966, and the answer depends upon the method of computing a term for a stated number of years. Respondent cites the *Sweitzer* and *Rezek* cases, which state the term of office begins and ends on election day, to support his position. In those cases, the statute under which the judges were elected specifically provided for an election to be held on the first Monday in June every six years, while here, neither a statute nor the ordinance fixed a date in 1966 for an election to fill the offices 6 years hence. As heretofore noted, the statute authorizing the courts to which petitioners were elected judges has been repealed and section 11 of the present judicial article no longer authorizes judges to hold

office until their successors are elected and qualified. The precise issue of whether a term expired "on" or "at" the beginning of the next election day was presented in neither of those cases.

*People ex rel. Blachly* v. *Coffin,* 279 Ill. 401, involved the question of when a probation period of six months terminated. It was held that the date was six months from the day of appointment minus one day. The Appellate Court has applied that doctrine in other situations: for example, in *Irving* v. *Irving,* 209 Ill. App. 318, the termination date of a one-year prohibition against marriage was held to be the first anniversary of the divorce decree less one day. *Seaman* v. *Poorman,* 272 Ill. App. 264, construed a contract not to partition real estate for a period of five years to run from the date of the contract to one day preceding the 5-year anniversary date. We are of the opinion that under general principles of statutory construction a six-year term ends on the day preceding the sixth anniversary date of election. If both the original election day and the day of the beginning of the next term were included, the result would be a term of six years and one day.

A motion by respondent to dismiss the petition for writ of *mandamus* which we took with the case is denied. A writ of *mandamus* is awarded commanding the Secretary of State to accept and file petitioners' declarations as of January 11, 1966, the date they were tendered, and that he certify their candidacies to the proper election officials not less than 61 days prior to the general election to be held November 8, 1966.

*Writ awarded.*