954 N.E.2d 671 (2011)
352 Ill. Dec. 588
Sharon PRICE et al., etc., respondents,
v.
PHILIP MORRIS INC., petitioner.
Docket No. 112067.
Supreme Court of Illinois.
September 30, 2011.
Justice GARMAN, dissenting on denial of petition for leave to appeal:
¶ 1 Plaintiffs filed a motion pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2008)), asking the circuit court of Madison County to vacate its order dismissing their lawsuit. The circuit court denied the motion as untimely and the appellate court reversed and remanded. No. 5-09-0089 (Feb. 24, 2011) (unpublished order under Supreme Court Rule 23). Defendant seeks leave to appeal.
¶ 2 When the circuit court entered its order of dismissal on December 18, 2006, it did so in compliance with this court's December 5, 2006, mandate. That mandate followed the United States Supreme Court's denial of plaintiffs' petition for a writ of certiorari after a majority of this court ruled on December 15, 2005, that plaintiffs failed to state a claim under the Illinois Consumer Fraud Act or the Uniform Deceptive Practices Act. Price v. Philip Morris, Inc., 219 Ill.2d 182, 302 Ill.Dec. 1, 848 N.E.2d 1 (2005). Plaintiffs' filed their section 2-1401 motion on December 18, 2008.
¶ 3 Section 2-1401 (c) provides that a petition for relief from judgment must be filed "not later than 2 years after the entry of the order or judgment" sought to be vacated. 735 ILCS 5/2-1401(c) (West 2008). The timeliness issue depends on whether the correct measuring date is December 5, 2006, or December 18, 2006.
¶ 4 In the typical case, an issue of the timeliness of the filing of a section 2-1401 motion would not require this court's consideration. However, due to the procedural posture of the present case, it is not typical. This is not a case in which the circuit court entered orders on two separate dates, either one of which might be deemed the final order or judgment, and the parties dispute which one is the correct measuring date. Plaintiffs' section 2-1401 motion implicitly seeks relief from the judgment of this court, not merely from the dismissal itself. Thus, this case presents a question of first impression: when the order or judgment by the circuit court was entered on remand and at the specific direction of a reviewing court, is a section 2-1401 motion directed at the circuit court's ministerial order, or at the order or judgment of the reviewing court? If directed at the order or judgment of the reviewing court, does the date of that judgment control?
¶ 5 I dissent from the court's denial of leave to appeal to answer these questions for four reasons.
¶ 6 First, allowing leave to appeal would be entirely consistent with the purpose and the language of Supreme Court Rule 315. Under the rule governing discretionary appeals, which "neither control[s] nor fully measure[s] the court's discretion," we consider factors such as "the general importance of the question presented; the existence of a conflict between the decision *672 sought to be reviewed and a decision of the Supreme Court * * *; the need for the exercise of the Supreme Court's supervisory authority." Ill. S.Ct. R. 315(a) (eff. Feb. 26, 2010).
¶ 7 The question presented, while it appears to involve only a routine question of the timeliness of a motion, is actually much more complicated because of the unusual procedural posture in which the question arises. It is a question of first impression and, because the mandate that directed the dismissal issued from this court, it is entirely appropriate for this court to provide the answer. Allowing the petition for leave to appeal in the present case is well within our discretion.
¶ 8 Second, because there is no procedural mechanism comparable to a section 2-1401 motion whereby a litigant may ask this court to vacate a judgment, our consideration of the timeliness of the section 2-1401 motion is essential. By determining which date controls, a court necessarily determines whether a judgment of this court is final and unassailable after the period for rehearing has expired and the United States Supreme Court has denied a writ of certiorari. If the appellate court is correct and the later date controls, an order of this court is not truly final until two years after the circuit court carries out its instructions on remand. If this is to be the law of Illinois, this court should have the final word on the matter.
¶ 9 Third, even if the correct measuring date for the two-year period is December 18, 2006, there remains a question whether a section 2-1401 motion filed on December 18, 2008, is timely or one day late. The appellate court did not address this question but, because it is a matter of subject matter jurisdiction, it should be addressed before this matter proceeds any further. There is no case law interpreting the statutory term "not later than two years after the entry of the order or judgment." 735 ILCS 5/2-1401(b) (West 2008).
¶ 10 Section 1.10 of the Statute on Statutes defines the word "year" as a "calendar year unless otherwise expressed." 5 ILCS 70/1.10 (West 2008). The question remainsDoes this mean that a section 2-1401 petition must be filed before the second anniversary of the entry of the order or judgment (because a calendar year has only one December 18), or that it may be filed on the second anniversary of the entry of the order or judgment (because the calendar year begins on the day after the entry of judgment)?
¶ 11 Relevant case law is old and not directly on point. See People ex rel. Sullivan v. Powell, 35 Ill.2d 19, 217 N.E.2d 806 (1966) (holding that a six-year term of office terminates on the day before the following election day); Seaman v. Poorman, 272 Ill.App. 264 (1933) (cited in Sullivan, and holding that a contract with a five-year term expires one day preceding its five-year anniversary date); Irving v. Irving, 209 Ill.App. 318 (1918) (also cited in Sullivan, and holding that under a statute requiring a divorced person to wait one year following the entry of the divorce judgment before remarrying, the divorced individual was free to marry on the oneyear anniversary of the entry of judgment). The present case offers this court the opportunity to determine whether the language of section 2-1401 should be interpreted consistently with its 1966 decision in Sullivan and, if so, to determine whether the plaintiffs' filing was timely even if the later date is the proper measuring date.
¶ 12 Finally, this court should allow the petition for leave to appeal in the interest of judicial economy because it will inevitably reach us in the normal course of this litigation. If the petition is not allowed and the circuit court, on remand, allows *673 the section 2-1401 motion, vacating its own order of dismissal, this court's mandate will still stand. If the circuit court were to thereafter hold further proceedings, it would be in direct conflict with this court's mandate. This court could, as it did earlier in this litigation, order that any appeal be taken directly to this court under Supreme Court Rule 302(b) (Ill.S.Ct. R. 302(b) (eff.Sept.1, 2006)), or allow it to proceed through the usual appellate process. Eventually, however, this court would be compelled to rule on the timeliness of the motion and on its merits because the status of our own judgment would be at issue.
¶ 13 Given the lengthy history of this litigation, it is equally certain that if the circuit court were to deny the section 2-1401 motion, plaintiffs will appeal. Whatever the outcome of that appeal, the nonprevailing party will seek review by this court. Or, again, we could take the appeal directly pursuant to Rule 302(b).
¶ 14 Thus, whatever course this case might follow after remand to the circuit court, this court will ultimately have to decide whether the motion was timely and, if so, whether it has merit. The parties deserve an answer sooner rather than later and the instant petition for leave to appeal is the proper procedural mechanism for us to provide that answer. In addition, the people of the State of Illinois and other litigants, whose access to the courts is affected by litigation that endures for a decade or more, also deserve to have us address this matter. The case should either end or move on to the next stage of litigation, as appropriate, as soon as possible.
¶ 15 For these reasons, I dissent from the denial of defendant's petition for leave to appeal. In my opinion, this court should allow the petition and should decide the threshold question of the timeliness of plaintiffs' section 2-1401 motion and, if the motion was timely, the merits of the underlying motion.