959 N.E.2d 1219 (2011)
355 Ill. Dec. 486
Eric PARKER and Lynlee Muehring, Plaintiffs-Appellants,
v.
Michael MURDOCK, Defendant-Appellee.
No. 1-10-1645.
Appellate Court of Illinois, First District, Second Division.
October 18, 2011.
*1220 Kendle, Mikuta & Fenstermaker, Chicago, IL, (Joan M. Fenstermaker, of counsel), for Appellants.
John P. Quall, Chicago, IL, for Appellee.

OPINION
Justice HARRIS delivered the judgment of the court, with opinion.
¶ 1 In this case we are called upon to determine whether the circuit court erred in denying plaintiffs', Eric Parker's and Lynlee Muehring's, petition brought pursuant to section 2-1401(f) of the Illinois Code of Civil Procedure (Code), seeking to vacate an order previously entered by the circuit court, which plaintiffs contend is void. 735 ILCS 5/2-1401(f) (West 2008). Plaintiffs argue the order they sought to vacate, which was also entered pursuant to section 2-1401 of the Code, was not timely filed by defendant Michael Murdock because it was filed outside the two-year statutory time limitation for seeking relief from a judgment. 735 ILCS 5/2-1401(c) (West 2008). We hold the circuit court did not err in denying plaintiffs' petition because defendant filed his motion, pursuant to section 2-1401 of the Code, within the two-year statutory time limitation and, thus, the order entered by the circuit court is not void.

¶ 2 JURISDICTION
¶ 3 On January 25, 2010, plaintiffs filed their motion to vacate the trial court's order granting defendant's request to vacate the default judgment entered against him. In their motion to vacate, plaintiffs argued the court's order was void pursuant to section 2-1401(f) of the Code. 735 ILCS 5/2-1401 (West 2008). On May 12, 2010, the circuit court denied plaintiffs' motion. Plaintiffs timely filed their notice of appeal on June 10, 2010. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rule 304(b)(3), governing appeals from judgments or orders granting or denying relief as requested in a section 2-1401 petition. Ill. S.Ct. R. 304(b)(3) (eff. Feb. 26, 2010); see also Sarkissian v. Chicago Board of Education, 201 Ill.2d 95, 102, 267 Ill.Dec. 58, 776 N.E.2d 195 (2002) ("a circuit court's ruling on [a section 2-1401 petition] is deemed a final order and provision has been made for immediate review of these orders in Supreme Court Rule 304(b)(3)").

¶ 4 BACKGROUND
¶ 5 In 2001, plaintiffs entered into a lease for an apartment owned by defendant. In 2002, plaintiffs filed a complaint against defendant alleging several violations of the Chicago Residential Landlords and Tenants Ordinance. Chicago Municipal Code § 5-12-010 et seq. (added Sept. 8, 1986). On October 13, 2004, plaintiffs obtained an ex parte default judgment against defendant in the amount of $14,433.70.
*1221 ¶ 6 On October 13, 2006, defendant filed a petition pursuant to section 2-1401 of the Code seeking relief from the October 13, 2004, judgment against him. In his petition, defendant alleged that his attorney did not inform him of the judgment. Defendant claimed he only learned of the judgment in late October 2004. Defendant alleged that when he learned of the judgment against him, he turned the case over to his attorney with the understanding that his attorney would move to vacate the judgment. Defendant's attorney failed to do so. Defendant claimed that he was seeking redress against his attorney for legal malpractice in a separate action. Defendant attached to his petition his own affidavit attesting to the facts he alleges in his petition, as well as a copy of the judgment entered on October 23, 2004.
¶ 7 On January 18, 2007, the circuit court granted defendant's section 2-1401 petition. The order indicated that only defendant was present in court that day.
¶ 8 On January 24, 2007, plaintiffs moved, pursuant to section 2-1301(e) of the Code, to vacate the January 18, 2007, order granting defendant's section 2-1401 petition. 735 ILCS 5/2-1301(e) (West 2008). In their motion, plaintiffs alleged that due to confusion regarding scheduling and a reassignment of the case, they were not present in court on January 18, 2007. Plaintiffs further alleged that they believed that they would be allowed time to respond to defendant's section 2-1401 petition and that they had "valid objections to Defendant's 2-1401 petition which should be heard by the Court."
¶ 9 On February 28, 2007, the circuit court denied plaintiffs' motion to vacate defendant's section 2-1401 petition. In its order, the circuit court indicated that it was also denying plaintiffs' request to file further pleadings in response to defendant's section 2-1401 petition. The circuit court allowed defendant 21 days to answer plaintiffs' complaint and file a counterclaim. The parties were given leave to initiate discovery.
¶ 10 On January 25, 2010, plaintiffs filed a motion to vacate the circuit court's order of January 18, 2007, granting defendant's section 2-1401 petition. Plaintiffs filed their motion pursuant to section 2-1401(f) of the Code, and alleged that the order of January 18, 2007, granting defendant's section 2-1401 petition, was void because defendant failed to file his section 2-1401 petition to vacate within two years of the default judgment. Plaintiffs alleged that the judgment vacated by defendant's section 2-1401 petition was entered on October 13, 2004. Defendant filed his section 2-1401 petition on October 13, 2006. Plaintiffs relied upon this court's decision in Irving v. Irving, 209 Ill.App. 318 (1918), to argue that in computing time by calendar year "the calendar should be examined and the day numerically corresponding to that day * * * is determined and the calendar year expires on that day, less one day." According to plaintiffs' computation, in order for defendant's section 2-1401 petition to be timely, it should have been filed on October 12, 2006, not October 13, 2006, when defendant filed it. Based on their computation, plaintiffs contended defendant's section 2-1401 petition was untimely and, thus, void. Plaintiffs requested that the court vacate its January 18, 2007, order and reinstate the judgment entered against defendant on October 13, 2004.
¶ 11 On May 12, 2010, the circuit court denied plaintiffs' motion to vacate its order of January 18, 2007, which granted defendant's section 2-1401 petition. Plaintiffs timely appealed on June 10, 2010.

¶ 12 ANALYSIS
¶ 13 Before this court, plaintiffs argue the circuit court did not have subject matter *1222 jurisdiction to grant defendant's section 2-1401 petition because defendant's petition was not timely and, thus, its order granting defendant's petition on January 18, 2007, is void. Specifically, plaintiffs contend that defendant filed his petition two years and one day after the judgment was entered October 13, 2004, one day too late. Plaintiffs argue section 2-1401(c) of the Code requires parties to file their petitions within two years of the entry of the order or judgement they seek to vacate. 735 ILCS 5/2-1401(c) (West 2008). To compute two calendar years, plaintiffs argue that this court should determine the corresponding calendar day, less one day.
¶ 14 We note that defendant did not file a brief in this matter. On July 29, 2011, this court, on its own motion, found that defendant failed to file a brief within the time prescribed by Supreme Court Rule 343(a). Ill. S.Ct. R. 343(a) (eff. July 1, 2008). We ordered that the case be taken for consideration on the record and plaintiffs' brief only.
¶ 15 Section 2-1401 of the Code provides litigants a means of obtaining relief from judgments older than 30 days. 735 ILCS 5/2-1401 (West 2008). Section 2-1401(c) limits the time in which a litigant may obtain relief stating:
"Except as provided in Section 20b of the Adoption Act and Section 2-32 of the Juvenile Court Act of 1987 or in a petition based upon Section 116-3 of the Code of Criminal Procedure of 1963, the petition must be filed not later than 2 years after the entry of the order or judgment. Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years." (Emphasis added.) 735 ILCS 5/2-1401(c) (West 2008).
¶ 16 The purpose of section 2-1401 is to establish judgments that are stable and final. Crowell v. Bilandic, 81 Ill.2d 422, 427-28, 44 Ill.Dec. 110, 411 N.E.2d 16 (1980). A petition brought under section 2-1401 is not a continuation of the old proceeding but, rather, a new one. Sarkissian, 201 Ill.2d at 102, 267 Ill.Dec. 58, 776 N.E.2d 195. The "two-year period of limitations has been strictly construed by the courts, and we cannot, even if the circumstances were believed to warrant it, extend this limitation by judicial fiat." (Emphasis added.) Sidwell v. Sidwell, 127 Ill.App.3d 169, 173, 82 Ill.Dec. 138, 468 N.E.2d 200 (1984); see also Crowell, 81 Ill.2d at 427, 44 Ill.Dec. 110, 411 N.E.2d 16 ("2-year limitation mandated by [section 2-1401] must be adhered to"); Cruz v. Columbus-Cuneo-Cabrini Medical Center, 264 Ill.App.3d 633, 638, 201 Ill.Dec. 476, 636 N.E.2d 908 (1994) (the requirements of section 2-1401 are "stringent"). Further, "section 2-1401 does not afford a litigant a remedy whereby he may be relieved of the consequences of his own mistake or negligence." Smith v. Airoom, Inc., 114 Ill.2d 209, 222, 102 Ill.Dec. 368, 499 N.E.2d 1381 (1986).
¶ 17 Our supreme court has held that a void order may be challenged at any time because an "`order or decree entered by a court which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular order involved, is void, and may be attacked at any time or in any court, either directly or collaterally.'" Sarkissian, 201 Ill.2d at 103, 267 Ill.Dec. 58, 776 N.E.2d 195 (quoting Barnard v. Michael, 392 Ill. 130, 135, 63 N.E.2d 858 (1945)); see also Wierzbicki v. Gleason, 388 Ill.App.3d 921, 931, 329 Ill.Dec. 162, 906 N.E.2d 7 (2009) ("This court has a duty to vacate void judgments * * *.").
*1223 ¶ 18 Section 2-1401(f) allows a litigant to challenge a void order or judgment. 735 ILCS 5/2-1401(f) (West 2008); Sarkissian, 201 Ill.2d at 105, 267 Ill.Dec. 58, 776 N.E.2d 195 ("petitions seeking relief from void judgments are section 2-1401 petitions"). Petitions alleging an order or judgment is void, brought under paragraph (f) of section 2-1401, do not have to be brought within two years of the void order or judgment. Sarkissian, 201 Ill.2d at 104, 267 Ill.Dec. 58, 776 N.E.2d 195. Unlike typical section 2-1401 petitions, petitions brought in this manner do not need to allege a meritorious defense or due diligence. Id.
¶ 19 Section 1.11 of the Illinois Statute on Statutes addresses the computation of a unit of time and provides:
"The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or is a holiday as defined or fixed in any statute now or hereafter in force in this State, and then it shall also be excluded. If the day succeeding such Saturday, Sunday, or holiday is also a holiday or a Saturday or Sunday then such succeeding day shall also be excluded." 5 ILCS 70/1.11 (West 2008).
¶ 20 Based on the procedural posture of this case, our review is de novo. People v. Vincent, 226 Ill.2d 1, 18, 312 Ill.Dec. 617, 871 N.E.2d 17 (2007) ("when a court enters either a judgment on the pleadings or a dismissal in a section 2-1401 proceeding, that order will be reviewed, on appeal, de novo").
¶ 21 In this case, on October 13, 2006, defendant filed a section 2-1401 petition seeking relief from a October 13, 2004, default judgment entered against him. According to Section 1.11 of the Statute on Statutes, we are to exclude the first day, October 13, 2004, but include the last day, October 13, 2006, in making our calculation. 5 ILCS 70/1.11 (West 2008). October 13, 2006, was a Friday and not a court holiday, so we do not have to exclude any more days in making our calculation. See 5 ILCS 70/1.11 (West 2008) ("The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or is a holiday * * * and then it shall also be excluded."). Defendant filed his section 2-1401 petition on October 13, 2006, and, therefore, his petition is timely. Accordingly, the circuit court did not err in denying plaintiffs' section 2-1401(f) petition because the underlying order plaintiffs sought to attack is not void.
¶ 22 We note that this court has held that "in computing time by the calendar year, days are not counted, but the calendar is examined and the day numerically corresponding to that day in the following year is ascertained, and the calendar year expires on that day, less one." Irving v. Irving, 209 Ill.App. 318, 320 (1918). According to the method of calculation in Irving, defendant's petition was late as it was filed on October 13, 2006. According to Irving, in order to be timely filed, defendant's petition would have had to have been filed no later than October 12, 2006, which is the corresponding calendar day two years later, minus one day. Plaintiffs rely on Irving to argue that defendant's petition was untimely and, thus, the circuit court's order granting defendant's petition on January 18, 2007, was void. Plaintiffs' argument is unpersuasive.
¶ 23 We note that decisions of the Illinois Appellate Court prior to 1935 are not binding or precedential. Reichert v. Court of Claims, 203 Ill.2d 257, 262 n. 1, 271 Ill.Dec. 916, 786 N.E.2d 174 (2003) ("appellate court decisions issued prior to 1935 are persuasive authority only"). We hold that the provisions of section 1.11 of *1224 the Statute on Statutes applies to the time limitation in section 2-1401(c) of the Code and we decline to follow Irving. Section 1.11 of the Statute on Statutes is clear that "The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last." (Emphasis added.) 5 ILCS 70/1.11 (West 2008). Plaintiffs have not shown how the time limitation in section 2-1401(c) is not an "act provided by law" according to section 1.11 of the Statute on Statutes, or produced any authority that would lead us to disregard section 1.11 of the Statute on Statutes in favor of the reasoning found in Irving.

¶ 24 CONCLUSION
¶ 25 For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.
¶ 26 Affirmed.
Presiding Justice CUNNINGHAM and Justice CONNORS concurred in the judgment and opinion.