HEINZ SCHMITZ, Plaintiff-Appellee, *v.* HANS J. HOFFMANN, Defendant-Appellant.

First District (1st Division)   No. 77-1393

Opinion filed June 12, 1978.

David R. Herzog and Fred F. Herzog, both of Skokie, for appellant.

Levin & Rosen, Ltd., of Skokie, for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Hans J. Hoffmann (defendant) appeals from an order denying his petition, under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72), to vacate a judgment entered against him in favor of Heinz Schmitz (plaintiff). A chronological statement of the litigation follows:

February 24, 1972—Plaintiff filed his complaint in the municipal division for brokerage commission of $8000.

March 30, 1972—Defendant, by his attorney, filed his answer and counterclaim.

June 22, 1972—The trial court dismissed defendant's amended counterclaim on plaintiff's motion.

September 27, 1972—Plaintiff served notice by mail on defendant's attorney of record for court appearance on October 5, 1972, on a motion to strike the answer of defendant and to enter judgment in favor of plaintiff. An accompanying petition alleged that defendant had failed to appear for his deposition September 19, 1972, pursuant to notice.

September 28, 1972—Defendant's attorney of record mailed notice to plaintiff's attorney and to defendant of a motion to be made on October 3, 1972, to withdraw as attorney for defendant. An accompanying verified petition alleged that defendant "has absented himself from the country and has refused to disclose his present whereabouts to his attorneys * * * ."

October 3, 1972—Defendant's attorney of record was given leave of court to withdraw.

October 5, 1972—The hearing on plaintiff's motion for judgment was continued by the court by minute order to October 26, 1972.

October 26, 1972—Plaintiff's motion to strike defendant's answer was sustained. After the court heard evidence, judgment was entered in favor of plaintiff and against defendant for $8000. No report of the proceedings taken that day has been filed in this court.

November 24, 1976—Defendant filed his petition to vacate the judgment. The petition alleged that defendant had moved to Germany but had arranged to have his mail forwarded. On October 6, 1972, defendant received, in Germany, a copy of the notice from his attorney for leave to withdraw. In April of 1975 defendant was served with a summons issued by a German court in connection with enforcement of the judgment. Defendant alleged that the judgment of October 26, 1972, was void because it was entered against him without notice. Defendant alleged that he "has exercised due diligence in seeking to vacate said judgment order." The petition was supported by an affidavit by defendant. This affidavit alleged that defendant went to Germany in July 1972. He left a forwarding address with the United States post office.

Plaintiff filed a motion to strike the section 72 petition alleging that the petition was defective because not filed within 2 years after the entry of judgment and was defective in other respects. The motion to strike defendant's petition was granted and the petition to vacate was denied.

The first point raised by defendant is that the judgment entered October 26, 1972, was void. (See Ill. Rev. Stat. 1975, ch. 110, par. 72(6).) We cannot agree. Defendant cites and depends upon Rule 2.1 of the circuit court of Cook County which defendant states in his brief was in effect at the time of the entry of judgment. (Rule 2.1 (1959), Rules of the Circuit Court of Cook County.) This rule apparently required written notice of all motions upon all parties not in default for failure to plead. However, the rules of the supreme court, effective during all dates

material herein, require that where a party is represented by an attorney of record, service shall be made upon the attorney. Service of such notices may be made by mailing. The rules also provide that service by mail is "complete" 4 days after mailing. (See Supreme Court Rules 11 and 12 (Ill. Rev. Stat. 1975, ch. 110A, pars. 11, 12).) In the case before us, the notice of plaintiff's motion to strike defendant's answer and for entry of judgment was mailed to defendant's attorney of record on September 27, 1972. Since the fourth day thereafter was Sunday, October 1, 1972, this notice was complete on Monday, October 2, 1972. The notice by defendant's attorney for leave to withdraw was mailed on September 28, 1972, and therefore also became complete on Monday, October 2, 1972. The order granting leave to defendant's attorney to withdraw was not entered until October 3, 1972. This was after plaintiff's notice for entry of judgment became complete under the rules above cited. Defendant concedes in his affidavit that he received, about October 6, 1972, a copy of the notice of motion and petition whereby his attorney sought leave to withdraw.

Under these circumstances we find that plaintiff served proper notice for entry of judgment in accordance with the applicable rule. Plaintiff's counsel complied with the rules by his notice of motion mailed September 27, 1972, while defendant was represented by his attorney of record. In fact, the rule specifically required that notice of plaintiff's motion for judgment be served upon defendant's attorney. (Supreme Court Rule 11(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 11(a)).) Furthermore, defendant admits in his petition that notice of the application for judgment was sent to his attorney of record. He alleges simply a pure conclusion that the judgment was entered "without notice" to him. (See *Fennema v. Vander Aa* (1969), 42 Ill. 2d 309, 247 N.E.2d 409.) It follows that the judgment was not void.

■■ Since the judgment was not void, the 2-year limitation period and the requirements of due diligence were applicable to defendant's motion to vacate the judgment. Defendant urges in his brief that the 2-year limitation period does not apply because there was fraudulent concealment of the judgment by plaintiff. We reject this contention. To establish fraudulent concealment, proof is required of "something of an affirmative character" or "trick or contrivance" calculated to prevent inquiry or suspicion by the defendant. (25 Ill. L. & Prac. *Limitations* §92, at 267-68, quoted in *Nogle v. Nogle* (1964), 53 Ill. App. 2d 457, 464, 202 N.E.2d 683; see also *Pennington v. Pennington* (1975), 27 Ill. App. 3d 344, 352, 326 N.E.2d 431.) Defendant's petition contains no allegations remotely resembling this type of situation. Mere silence by plaintiff or his simple failure to disclose the entry of judgment is not sufficient to constitute fraudulent concealment. *Mathews v. Atlas Liquors, Inc.* (1971),

132 Ill. App. 2d 608, 610-11, 270 N.E.2d 453, *appeal denied* (1971), 47 Ill. 2d 590, and cases there cited.

It is evident in the case before us that plaintiff had no knowledge of defendant's whereabouts for some time. Even defendant's attorney alleged he did not know where to reach his client. Under these circumstances, defendant's petition to vacate was barred by the 2-year limitation period expressed in the statute. Ill. Rev. Stat. 1975, ch. 110, par. 72(3).

■■ Under the view which we take of this record, defendant's lack of due diligence is another cogent legal reason for affirmance of the judgment appealed from. In our opinion, the petition to vacate the judgment does not make a sufficient showing that defendant acted with due diligence in filing his petition. Regardless of any of the events which took place immediately after the entry of judgment, and quite aside from the bar of the limitation period, it is undisputed that defendant was apprised of the entry of judgment against him in April of 1975. Yet he did nothing until November 24, 1976, to assert his rights. This record thus shows a lack of due diligence by plaintiff and fails to warrant the granting of any relief under section 72. In our opinion, this result is required by *Diacou v. Palos State Bank* (1976), 65 Ill. 2d 304, 357 N.E.2d 518.

The judgment appealed from is therefore affirmed.

McGLOON and O'CONNOR, JJ., concur.