(No. 52830.—■■■■■■)
WILLIAM D. CROWELL, Appellee, v. MICHAEL A. BILANDIC, Mayor, *et al.*, Appellants.

*Opinion filed September 15, 1980.*

William R. Quinlan, Corporation Counsel, of Chicago (Robert Retke and Edmund Hatfield, Assistant Corporation Counsel, of counsel), for appellants.

Charles Locker, of Chicago (Leo T. McGonigal, of counsel), for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Plaintiff, William D. Crowell, a patrolman in the Chicago Police Department, was charged in a complaint filed before the Chicago Police Board (Board) with attempting to obstruct a departmental investigation into a complaint that plaintiff had solicited a bribe. Following an extensive hearing before a hearing officer designated by the Board, that officer and the Board on January 18, 1973, unanimously discharged plaintiff, concluding that he made "several attempts to impede, influence and obstruct said investigation by personally contacting William K. Neal [complainant] and attempting to persuade him not to cooperate with the Departmental Investigation and in

furtherance of his attempts to impede the investigation he did execute a written note wherein it stated in substance that William K. Neal notified Director Conrad of the Internal Affairs Division of the Chicago Police Department that the Respondent was not the officer involved in his complaint, and Respondent urged Neal to present same either verbally or in writing to the Department, thereby impeding the Department's efforts of achieving its goal of maintaining honesty and integrity within the Department."

On July 17 the circuit court of Cook County, acting on administrative review, affirmed the Board's decision discharging plaintiff and on May 15, 1974, denied plaintiff's motion for a rehearing. The appellate court affirmed (*Crowell v. Police Board* (1975), 32 Ill. App. 3d 552), and this court denied leave to appeal.

On March 10, 1977, plaintiff filed a petition pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72) to vacate the circuit court judgment. He alleged that on December 15, 1976, he first discovered that Morgan Murphy, one of the members of the Board ordering plaintiff's discharge, was the uncle of William Murphy, one of plaintiff's superior officers and deputy chief of the third patrol area to which plaintiff had been assigned. It is clear that William Murphy's name had appeared on the original list of witnesses prior to the initial hearing, but he did not testify. However, the complaining witness, William K. Neal, on direct and cross-examination, testified that he had received a telephone call from William Murphy concerning Neal's complaint against plaintiff. Apparently the $200 which Neal stated he had paid plaintiff to avoid a drug charge had been repaid to Neal, and he was reluctant to pursue his complaint. The purpose of Murphy's call had been to urge Neal's cooperation with departmental officials in the prosecution. There was no mention made of William Murphy in plaintiff's testimony,

and there does not appear to have been any additional reference to him during the hearing other than on a copy of a statement, presented as an exhibit, which was made by Neal to Sergeant William Hines and which referred to Neal's conversation with William Murphy.

In his section 72 petition plaintiff also alleged that William Murphy was "one of the chief investigative officers in his case, and one of his superiors who had a substantial interest in the matter, a substantial prejudice against him and, was the moving force or at least one of the persons primarily responsible for the bringing of charges." Plaintiff also alleged that William Murphy had rejected the recommendation of Julius Watson, commander of the seventh district, to dismiss the case as "unfounded" or "not sustained," and had initiated his own investigation of the charges, ordering plaintiff to appear before the Office of Internal Affairs Division of the Chicago police department. It was further alleged "[t]hat 'bad blood' or a personality conflict existed between Plaintiff and William Murphy" as illustrated by allegedly unfair investigations ordered by Murphy regarding plaintiff's mistaken use of tear gas to effect an arrest and his failure to notify the station or his partner of his absence due to illness. Plaintiff also alleged that William Murphy attempted to transfer him after plaintiff refused to serve as Murphy's confidential informant on corruption in the third area, and that Murphy then stated "that there were only two (2) kinds of patrolmen, to-wit: 'those in my club and those out of my club. You are now out.' " Plaintiff cited our Rule 67 providing for the disqualification of a judge in any case in which a close relative, including a nephew, "is a party, has an interest, or appears as counsel." (73 Ill. 2d R. 67.) Asserting that Rule 67 applies also to members of a police board, plaintiff alleged that William Murphy's involvement in the department's investigation of plaintiff required Morgan Murphy to disqualify himself from participation

in the Board action. Morgan Murphy's failure to do so, plaintiff alleged, denied him due process and equal protection despite the unanimous decision of the five-member board and the hearing officer. Plaintiff accordingly sought reversal of that decision and reinstatement with full pay and allowances.

Apparently no testimony was taken at the hearing on the section 72 petition. The trial court denied defendants' motion to dismiss on the ground that the petition had not been filed within the 2-year limitation period. It found that William Murphy had instituted disciplinary action against plaintiff and that he was actively engaged in the investigation and prosecution of charges against the plaintiff. It also concluded that Supreme Court Rule 67 applied to the police board proceedings. Finding that William Murphy's uncle, Morgan Murphy, participated in those proceedings, the court vacated the Board's decision, ordered the reinstatement of plaintiff with full pay and allowances from the date of his suspension, and noted that "[n]othing contained herein shall be construed as barring the Superintendent of Police from proceeding anew before the Police Board on the charges previously made against Plaintiff." The court indicated that its decision did "not imply that it found that undue influence was present but rather that the decision of the Police Board was tainted by the participation of Morgan Murphy in its deliberations and decision in light of Morgan Murphy's relationship to William Murphy." On appeal to the appellate court, that court held a section 72 petition to be addressed to the sound discretion of the trial court and found no abuse in that court's exercise of its discretion. The appellate court, however, reversed the trial court's reinstatement of plaintiff with full back pay, holding the proper remedy was to remand to the police board for a new hearing on the charges. 77 Ill. App. 3d 162.

Petitions filed pursuant to section 72 are subject to

the following time limitations:

"(1) Relief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section. ***
    ***
(3) The petition must be filed not later than 2 years after the entry of the order or judgment. Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years." (Ill. Rev. Stat. 1977, ch. 110, par. 72.)

As earlier noted, the trial court's final order, affirming the police board's dismissal of plaintiff, was entered on July 17, 1973, and plaintiff's motion for a rehearing was denied on May 15, 1974. Plaintiff's section 72 petition, however, was not filed until March 10, 1977. It is accordingly clear that plaintiff's petition was not filed within the 2-year limitation period. In that petition, plaintiff neither referred to the time limitation nor alleged any of the grounds provided in section 72 for tolling it. While the trial judge gave no reason for regarding the petition as timely, the appellate court, despite the absence of any reference by petitioner to the question of his petition's timeliness, found its allegations sufficient to support a finding of fraudulent concealment and therefore concluded that the trial court's determination was not an abuse of discretion.

We believe, however, that the 2-year limitation mandated by section 72 must be adhered to in the absence of a clear showing that "the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed ***." (See *People v. Berland* (1978), 74 Ill. 2d 286, 317; *People v. Colletti* (1971), 48 Ill. 2d 135, 137; *Agorianitis v. Ress* (1977), 55 Ill. App. 3d 325, 328; *Marin v. Grimm* (1976), 37 Ill. App. 3d 979.) The purpose of this section's time limitation is a salutary one—to establish necessary stability and finality in judicial

proceedings. (See 51 Am. Jur. 2d *Limitation of Actions* sec. 18 (1970); 53 C.J.S. *Limitation of Actions* sec. 1 (1948).) Even if we were to adopt the generous construction given plaintiff's petition by the appellate court, the allegations of that petition do not support a finding of fraudulent concealment. It is well established that fraudulent concealment sufficient to toll a statute of limitations requires affirmative acts or representations designed to prevent discovery of the cause of action or ground for relief. (*Chicago Park District. v. Kenroy, Inc.* (1980), 78 Ill. 2d 555, 561; *Skrodzki v. Sherman State Bank* (1932), 348 Ill. 403, 407; *Lancaster v. Springer* (1909), 239 Ill. 472, 482; *Schmitz v. Hoffmann* (1978), 61 Ill. App. 3d 130, 132; *Johnson v. Hawkins* (1972), 4 Ill. App. 3d 29, 32-33; *Bush v. Continental Casualty Co.* (1969), 116 Ill. App. 2d 94, 100.) In *Kenroy* we emphasized that "[s]ilence alone on the part of the defendant, accompanied by the failure of the plaintiff to discover the cause of action, ordinarily does not constitute fraudulent concealment." (78 Ill. 2d 555, 561.) There, while discussing fraudulent concealment in the context of section 22 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 23), we followed a widely recognized exception to this general rule in those instances when the existence of a fiduciary relationship is clearly established. (Annot., 173 A.L.R. 576, 588 (1948); see *Vigus v. O'Bannon* (1886), 118 Ill. 334, 346; *County of Cook v. Barrett* (1975), 36 Ill. App. 3d 623, 635; see also *Emmett v. Eastern Dispensary & Casualty Hospital* (D.C. Cir. 1967), 396 F.2d 931, 937-38 n.33; *Sheets v. Burman* (5th Cir. 1963), 322 F.2d 277, 279-80; *Rowen v. Le Mars Mutual Insurance Co.* (Iowa 1979), 282 N.W.2d 639, 646-47; *Laventhol, Krekstein, Horwath & Horwath v. Tuckman* (Del. 1976), 372 A.2d 168, 170-71; *Higbee v. Walsh* (1940), 229 Iowa 408, 423-24, 294 N.W. 597, 605-06; 51 Am. Jur. 2d *Limitation of Actions* sec. 149 (1979).) Here, however, plain-

tiff has alleged neither the existence of a fiduciary relationship nor that the defendant engaged in affirmative acts or representations calculated to prevent discovery of the asserted ground for relief. In the absence of such allegations, plaintiff's petition was effectively barred by the 2-year limitation in section 72.

Rule 67, by its terms, does not apply to administrative agencies, and we do not reach the question whether a Board member's participation in the proceedings under these circumstances would be objectionable under ordinary due process considerations. We hold only that, under the circumstances present here, plaintiff's section 72 petition˜ was barred by the 2-year limitation period.

The judgments of the circuit court of Cook County and of the appellate court are accordingly reversed.

*Judgments reversed.*