UNITED STATES of America ex rel. Richard MILONE, Petitioner,

v.

Aletha CAMP, Warden Graham Correctional Center, Respondent.

No. 85 C 10098.

United States District Court, N.D. Illinois, E.D.

June 20, 1986.

Luis Kutner, Chicago, Ill., for petitioner.

Terence M. Madsen, Asst. Atty. Gen., Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge:

Richard Milone has petitioned this court for a writ of habeas corpus pursuant to the habeas corpus statute, 28 U.S.C. §§ 2241 et seq. Respondent Aletha Camp, Warden of

the Graham Correctional Center of the Illinois Department of Corrections, has moved to dismiss the petition on the grounds that Milone has failed to exhaust his state remedies for relief as required by law. For the reasons below, the motion to dismiss is granted.

## Statement of the Case

For purposes of this motion to dismiss, the factual allegations of the petition are taken as true. On September 12, 1972, fourteen-year old Sally Kandel was murdered in DuPage County. The crime made headlines in the local and Chicago papers and was discussed on radio and television. There was a series of other killings of young women in the DuPage County area and the public was outraged. A reward fund for the capture of the murderer of Sally Kandel was established and reached the amount of $21,900.00. This fund was highly publicized.

Milone became a suspect when it was discovered that a shopping cart handle was the murder weapon. Milone was an employee of the warehouse where the shopping cart handle was noticed missing. The police accumulated further evidence purportedly establishing Milone's guilt, and on January 25, 1973, he was arrested for the murder of Sally Kandel. After a bench trial later that year, Milone was found guilty of murder and sentenced to 90 to 175 years in prison.

Petitioner appealed his conviction to the Illinois Appellate Court. The appellate court affirmed the conviction. *People v. Milone*, 43 Ill.App.3d 385, 2 Ill.Dec. 63, 356 N.E.2d 1350 (2d Dist.1976) (fully recounting the facts of the crime and the evidence against Milone). Leave to appeal to the Illinois Supreme Court was sought but denied. There was no petition for a writ of certiorari to the United States Supreme Court. Milone has not yet sought relief from the Illinois court system pursuant to any of the relevant post-conviction remedies provided by statute, and to be more fully elaborated below. Instead, Milone raises several contentions in this court through his petition for federal habeas cor-

pus relief. These contentions challenge the legality of his confinement in prison on the grounds that he did not receive due process when tried for the murder of Sally Kandel.

Briefly, Milone argues his trial suffered from the following deficiencies. (1) The prosecutors engaged in intentional misconduct by knowingly using perjured testimony, by knowingly suppressing exculpatory evidence, and by paying the state's witnesses so as to bias them in the state's favor; (2) inflammatory publicity denied Milone a fair trial; (3) Milone was subject to an illegal search and seizure; (4) incompetent evidence was used at trial; (5) the evidence was insufficient to establish guilt beyond a reasonable doubt; (6) Milone did not receive effective assistance of counsel; (7) another person has confessed to the crime (as explained later, this claim does not challenge the legality of the conviction but merely its accuracy and therefore is not cognizable in a federal habeas petition); (8) a crucial state's witness has, since the trial, recanted her testimony (this claim seems to be offered to show both that the conviction is not accurate and that the prosecutor engaged in further misconduct by causing this witness to give perjurious testimony at the trial). On his appeal to the Illinois Appellate Court, Milone only raised three of these claims: the illegal search and seizure, the admission of incompetent evidence, and the insufficiency of evidence to establish guilt beyond a reasonable doubt. It is Milone's failure to raise the remaining five claims in the Illinois post-conviction courts that, according to respondent, establishes Milone's failure to exhaust state remedies for the correction of state errors and therefore justifies dismissal of this petition. The court now turns to the legal sufficiency of this defense.

## Legal Discussion

It is undisputed that before a federal court can consider a state prisoner's petition for a writ of habeas corpus, considerations of federalism and comity normally require that the prisoner have exhausted the available state remedies for his claims. 28 U.S.C. § 2254 ("An application for a writ

of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State...."); *Rose v. Lundy*, 455 U.S. 509, 517, 102 S.Ct. 1198, 1202, 71 L.Ed.2d 379 (1982). This laudable policy gives the state courts a chance to correct their own constitutional errors. The exhaustion requirement refers only to state remedies still available at the time the federal petition is filed. *Nutall v. Greer*, 764 F.2d 462, 463 (7th Cir.1985); *United States ex rel. Johnson v. McGinnis*, 734 F.2d 1193, 1196 (7th Cir.1984). Furthermore, the federal habeas corpus statute allows for nonexhaustion of state remedies where circumstances exist rendering state remedies ineffective to protect the rights of the state prisoner. *Young v. Ragen*, 337 U.S. 235, 238–39, 69 S.Ct. 1073, 1074–75, 93 L.Ed. 1333 (1949); *Thompson v. Reivitz*, 746 F.2d 397, 400 (7th Cir.1984), *cert. denied*, 471 U.S. 1103, 105 S.Ct. 2332, 85 L.Ed.2d 849 (1985). Thus, the question presented is whether Milone has exhausted the still-available remedies for his claims and, if not, whether that nonexhaustion can be excused on the grounds that they would be ineffective. If, as turns out to be the case here, Milone has filed a petition in which only some of his claims are satisfactorily exhausted, this court would be required to dismiss the entire petition and give Milone the choice of either refiling a petition based only on the currently exhausted claims or refiling an identical petition after all the claims have been exhausted. *Rose v. Lundy*, 455 U.S. at 520, 102 S.Ct. at 1204. Milone would also have the option of seeking leave to amend this habeas petition to delete the unexhausted claims. *Id.*

The chief Illinois remedy which respondent claims is still available and still unexhausted is the Illinois Post-Conviction Hearing Act, Ill.Rev.Stat. ch. 38, ¶ 122–1 et seq. That Act entitles a prisoner to the relief he seeks here if he establishes, in a post-conviction proceeding, that his criminal trial deprived him of rights secured under the Illinois or United States Constitutions. The Seventh Circuit has recently explained the circumstances in which a petitioner must resort to this post-conviction remedy to satisfy his exhaustion obligations, and alternatively, when he is excused from doing so.

This court has held that the Illinois Post-Conviction Hearing Act is an "ineffective remedy" in circumstances where the Illinois courts strictly apply the doctrine of res judicata or waiver in post-conviction motions. *United States ex rel. Williams v. Brantley*, 502 F.2d 1383 (7th Cir.1974). (footnote omitted).

*Gray v. Greer*, 707 F.2d 965, 967 (7th Cir. 1983). The Court then explained the circumstances in which a petitioner is subject to this res judicata-or-waiver doctrine:

An issue raised on direct appeal from a conviction is res judicata in a subsequent Illinois post-conviction petition; an issue which could have been raised on direct appeal, but was not, is waived. *People v. James*, 46 Ill.2d 71, 263 N.E.2d 5 (1970).

*Gray v. Greer*, 707 F.2d at 967. Naturally, these circumstances apply to almost every case. The Court noted the one exception to the res judicata-or-waiver rule:

When fundamental fairness requires that this rule be relaxed, the Illinois courts will reach the merits of a claim. *People v. Hamby*, 32 Ill.2d 291, 205 N.E.2d 456 (1965). The concept of "fundamental fairness" is quite limited and this court has held that a petition should be dismissed for failure to exhaust a claim "only if there is direct precedent indicating that under the particular circumstances of a prisoner's case the waiver doctrine will be relaxed." *United States ex rel. Williams v. Brantley*, 502 F.2d at 1386.

*Gray v. Greer*, 707 F.2d at 967–68. In elucidating this exception, the Court described one situation in which it had previously found direct Illinois precedent for relaxing the res judicata-or-waiver rule. The precedent is relevant here. When a petitioner has failed to raise an issue on direct appeal because he has been deprived of "competent counsel on appeal," the Post-Conviction Hearing Act is still an available

vehicle for reviewing that issue. *People v. Frank*, 48 Ill.2d 500, 272 N.E.2d 25, 27 (1971) (applied in *United States ex rel. Clauser v. Shadid*, 677 F.2d 591, 593 (7th Cir.1982)). In this case, Milone has alleged that his appellate counsel, who was also his trial counsel, was ineffective. (Petition at pp. 25–26, 29). However, the Court concluded in the general case

> [a] petitioner need not pursue a petition for post-conviction relief in order to exhaust a constitutional claim where there is no direct precedent indicating that the Illinois courts will relax the waiver rule. When there is no such direct precedent, this court finds that there is "the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b).

*Gray v. Greer*, 707 F.2d at 968.

█ Accordingly, under this view of Illinois law, the three claims actually raised and argued on direct appeal (illegal search and seizure, incompetent evidence, and insufficient evidence) are exhausted. With no direct authority presented to the contrary, this court concludes that the Illinois post-conviction courts would mechanically apply a res judicata analysis to those issues and thus the post-conviction remedy is ineffective as to those claims.[1] The remaining constitutional claims, which were not raised, must be regarded as unexhausted. Those are the three claims of intentional prosecutorial misconduct, inflammatory publicity, and ineffective assistance of counsel. (The other two claims, recantation by a state's witness and another person's confession to the crime, will be discussed separately.) Although Milone failed to raise these three claims on direct appeal, the post-conviction courts will not charge Milone with having waived them. The post-conviction courts will consider those claims on the merits and will therefore provide Milone with an effective state remedy. This is because Milone now alleges his appellate counsel incompetently failed to raise these claims on appeal. (Petition at pp. 25–26, 29). Assuming, as this court must on a motion to dismiss, that Milone's allegation of incompetence is true, Milone will come squarely within the "fundamental fairness" exception to the res judicata-or-waiver rule as articulated in *People v. Frank, supra.* Under that exception, the post-conviction courts will not consider Milone to have waived these constitutional claims and will consider their merits because Illinois law does not charge a prisoner with waiver of claims not raised on appeal when, as alleged here, that failure was due to ineffective counsel. Therefore, these three claims, and all the arguments which are subsidiary to them, are not yet exhausted. Milone must apply to the Illinois post-conviction courts before he is entitled to seek relief from a federal district court on the basis of those claims.

█ Despite all this, Milone argues there is a further obstacle to seeking relief from the Illinois post-conviction courts that renders the state remedy for these three claims ineffective for habeas corpus purposes. Specifically, Milone contends that the statute of limitations for filing post-conviction claims has completely run so that he is time-barred from seeking post-conviction relief. Because tolling is available, the court rejects this argument.

Defendant was sentenced in 1973. At that time, there was a 20 year statute of limitations for filing post-conviction claims. This period was shortened to ten years by Public Act 83–693 which took effect January 1, 1984, and is now codified at Ill.Rev. Stat. ch. 38, ¶ 122–1. Milone argues, and

---

1. Milone contends that his appellate counsel was ineffective. It is conceivable, therefore, that although his appellate counsel raised the three claims of illegal search and seizure, incompetent evidence, and insufficient evidence, those claims were so poorly presented that Illinois post-conviction courts might not, citing to "fundamental fairness," strictly apply res judicata to those claims in a post-conviction petition. However, Milone does not even argue that these claims were incompetently presented on direct appeal. Therefore, the court regards these three claims, already presented to and decided by the state appellate court, as satisfactorily exhausted, since it appears that res judicata would indeed bar these claims if brought in a post-conviction proceeding.

respondent agrees, that this shortened limitations period is to be retroactively applied under the authority of *People v. Robinson,* 140 Ill.App.3d 29, 94 Ill.Dec. 387, 487 N.E.2d 1264 (4th Dist.1986). Thus, under the terms of the limitations statute, Milone had ten years to file his post-conviction petition. His failure to do so until 1986, three years too late, would result in dismissal of his petition unless, under the statute, "the petitioner alleges facts showing that the delay was not due to his culpable negligence." Ill.Rev.Stat. ch. 38, ¶ 122–1. This "culpable negligence" provision of the statute gives an untimely petitioner a way around his tardiness. If the petitioner can show he is not to be blamed for the late filing of the petition, his tardiness will be excused.

Several years ago the Seventh Circuit ruled on whether this provision of the statute of limitations meant that a habeas petitioner, who had not filed a post-conviction petition because the statutory period had elapsed, had nevertheless not yet exhausted his state post-conviction remedy if he could allege his tardiness was not due to his culpable negligence. The Court held that a habeas petitioner who could allege a good excuse for his tardiness would not be barred from post-conviction relief. Therefore, his state remedies should not be regarded as exhausted:

> It is apparent to us that under the Illinois Act mere lapse of time will not bar the filing of a petition for a post-conviction hearing, if the petitioner is able to show that his delay was not due to his culpable negligence. The determination of the freedom from culpable negligence

is a question for the state courts to decide. Before he resorts to the federal courts for relief, Stevens must exhaust his remedy under the state's Post-Conviction Hearing Act, inasmuch as we already have held herein that circumstances do not exist rendering such process ineffective to protect his rights.

*United States ex rel. Stevens v. Ragen,* 244 F.2d 420 (7th Cir.), *cert. denied,* 355 U.S. 846, 78 S.Ct. 71, 2 L.Ed.2d 55 (1957).

Although *Stevens* was decided some time ago, the intervening years have not witnessed any change in the authority of the Stevens holding.[2] Thus, this court views *Stevens* as requiring a habeas petitioner to file a late post-conviction petition before seeking federal habeas relief, but only if he can allege in good faith that his failure to file a timely post-conviction petition was not due to his culpable negligence. In this case, Milone can surely make such an allegation in good faith. Indeed, he has explicitly alleged in his current petition that "[h]is retained attorneys ineffectively represented him by not exhausting all available remedies, before and post-trial ... [and] fail[ing] to file Post-Conviction Petition, including State Habeas Corpus on evidence dehors the record." (Petition at pp. 25–26). Thus, Milone can easily make a colorable claim that his failure to file a timely post-conviction petition was due to the ineffective assistance of counsel he received rather than to his own culpable negligence. Neither party here presents this court with any Illinois cases squarely deciding whether ineffective assistance of retained counsel constitutes a lack of peti-

---

**2.** Milone suggests that "[b]oth [*Stevens'*] age and the multiplicity of intervening cases from the Seventh Circuit questioning the effectiveness of the remedy provided by the [Post-Conviction] Act as interpreted by the Illinois courts, raise severe doubts as to the continuing viability of *Stevens.*" (Petitioner's Response Brief at 4). While it is true that the Court has doubted the effectiveness of the Post-Conviction Act, this criticism only extends to the Illinois courts' mechanical application of the doctrine of "res judicata or waiver" in post-conviction petitions. *United States ex rel. Williams v. Brantley,* 502 F.2d 1383 (7th Cir.1974); *Gray v. Greer,* 707 F.2d 965, 967 (7th Cir.1983). There is no indication that the Seventh Circuit has criticized as ineffective the Illinois courts' use of the "no culpable negligence" standard for hearing tardy post-conviction petitions. In other words, there is no indication that this direct holding in *Stevens* has been discredited. Therefore, since the post-conviction tolling remedy is not "so clearly deficient as to render futile any effort to obtain relief," *Duckworth v. Serrano,* 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981), Milone should first apply to the state court to give it a chance to correct its own constitutional errors.

tioner's culpable negligence, and this court can find none. However, in view of the reasonableness of the conclusion that Milone should not be charged with culpable negligence when his own attorney's incompetence caused the untimeliness, as is alleged, this court concludes that Milone should and can exhaust the possibility of state post-conviction relief before resorting to a federal habeas corpus court.[3] Milone's claim of ineffective counsel during the trial, post-trial, and collateral proceedings will, at least arguably, remove the time bar to state post-conviction relief. In such circumstances, the possibility of state relief is a meaningful one and should be exhausted before this court can entertain a federal habeas corpus petition.

■ As a final matter, the court turns to the two remaining claims of Milone. First, Milone claims that another person has confessed to the crime for which Milone is now imprisoned. As Milone himself admits (Petitioner's Response Brief at p. 8), new evidence obtained after a conviction cannot be used as the basis for release from state confinement on federal habeas corpus review. The Supreme Court has so held when it explained what sort of evidence may be presented in a federal habeas hearing:

> Where newly discovered evidence is alleged in a habeas application, evidence which could not reasonably have been presented to the state trier of facts, the federal court must grant an evidentiary hearing. Of course, such evidence must bear upon the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of the state prisoner is not a ground for relief on federal habeas corpus.

*Townsend v. Sain,* 372 U.S. 293, 317, 83 S.Ct. 745, 759, 9 L.Ed.2d 770 (1963). Thus, it does not matter whether this claim has been exhausted in the state court; it is not cognizable in a petition for federal habeas corpus.

■ Milone explains that the importance of the confession is not so much its direct bearing on Milone's innocence, but rather its use as further evidence of intentional prosecutorial misconduct in suppressing exculpatory evidence during Milone's trial. According to Milone, the prosecution knew that someone else was willing to confess to the murder Milone was being tried for, but intentionally chose not to make that information available to Milone as was their constitutional obligation under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Depending on how Milone presents his case, the evidence of the confession of another may well be probative of the issue of intentional prosecutorial misconduct. Therefore, once Milone has exhausted his constitutional claim for intentional prosecutorial misconduct in state court, he may bring that claim here and in so doing, may seek to introduce the confession for the purpose of further establishing the misconduct.

■ The final claim Milone presents relates to the recantation of testimony by a crucial state witness, Linda Sue Goodyear (formerly Roseboom). It is not clear whether Milone seeks to present the recantation as grounds for relief from the origi-

---

**3.** Milone argues that under *United States ex rel. Williams v. Brantley,* 502 F.2d 1383 (7th Cir. 1974), the state has the burden, which it has not met here, of showing "direct precedent" that the post-conviction courts will excuse Milone's failure to file a timely post-conviction petition. The "direct precedent" requirement is a burden the state must meet, but it only applies to whether the petitioner will come within the state's "fundamental fairness" exception to the res judicata or waiver rule. *Id.* at 1386. *Williams* did not hold that direct precedent must also be adduced to show whether a petitioner will be found not to suffer from "culpable negli-

gence." However, even if *Williams* were so broadly read, this court would note that *People v. Frank,* 48 Ill.2d 500, 272 N.E.2d 25, 27 (1971), which held that ineffective appellate counsel creates an exception to the res judicata or waiver principle, may also imply that ineffective counsel in post-conviction proceedings (which Milone had) should excuse the late filing of a post-conviction petition. Thus, it seems likely that an Illinois post-conviction court would find that Milone's ineffective counsel establishes that his tardiness was not due to his own culpable negligence.

nal judgment of conviction, or as further evidence of prosecutorial misconduct in suppressing exculpatory evidence and suborning perjury. If Milone seeks the former, his remedy is exclusively in state court. Again, federal habeas review does not exist to review the factual accuracy of a conviction but only the legality of the process with which a defendant was convicted. An allegation of recanted testimony challenges the factual accuracy of the original conviction and is a cognizable claim only under Ill.Rev.Stat. ch. 110, ¶ 2–1401 ("Relief from Judgments"). *People v. Hilliard,* 65 Ill.App.3d 642, 647–8, 22 Ill.Dec. 121, 382 N.E.2d 441 (1st Dist.1978). The limitations period for bringing a ¶ 1401 petition is two years. *Id.* at ¶ 1401(c). In order to bring a ¶ 1401 petition more than two years after conviction, Milone would have to show that his failure to discover the false testimony was the result of "fraudulent conceal[ment]" amounting to affirmative acts designed to prevent discovery. *Id.; Crowell v. Bilandic,* 81 Ill.2d 422, 44 Ill.Dec. 110, 411 N.E.2d 16 (1980). Milone's allegations of prosecutorial misconduct and payments to state's witnesses to keep them from revealing the "truth" would appear sufficient to toll the limitations period. Thus, if Milone wishes to offer the recanted testimony (and perhaps even the newly discovered confession) as grounds for relief from the conviction, there is a state remedy available. But the recanted testimony cannot be used on federal review to prove that Milone is factually innocent.

If Milone, however, wishes to use the recantation as further evidence of prosecutorial misconduct, he may do so for the same reasons he may do so with the evidence of the new confession. But first, Milone must exhaust the constitutional claim of prosecutorial misconduct in state court, as was explained above. Once that claim has been exhausted, it may then be presented on federal review.

In concluding, the court notes that Milone has asked this court to request that the respondent withdraw her objections to Milone's failure to exhaust. Milone argues that Judge Posner in *Walberg v. Israel,* 766 F.2d 1071 (7th Cir.), *cert. denied,* — U.S. ——, 106 S.Ct. 546, 88 L.Ed.2d 475 (1985), approved the procedure whereby the district court can ask the state representative to withdraw her objection to lack of exhaustion. *Walberg* did not so hold. *Walberg* simply discussed, without adopting, an approach the Fifth Circuit used in *McGee v. Estelle,* 722 F.2d 1206, 1212 (5th Cir.1984) (en banc), for determining whether the state attorney general is authorized under state law to waive the requirement of exhaustion when defending against a habeas petition. This approach assumes that, unlike here, the state attorney general has failed to argue lack of exhaustion to the district court. When there is such a failure, *McGee* holds, and *Walberg* suggests in dictum, that the district court should then decide whether that waiver should be charged to the state or whether the petitioner should nevertheless be required to exhaust state remedies.

■ Nothing in *Walberg* remotely suggests that a district court may "request" the state to abandon its exhaustion defense after the state has chosen to raise it in a timely fashion and brief it in the district court. Accordingly, this court perceives itself as having no power or duty to request the state to relinquish a defense which, as a matter of comity, it is entitled to assert and a federal district court should respect.

In sum, Milone's current petition contains exhausted and unexhausted claims. Under *Rose v. Lundy, supra,* Milone's petition must be dismissed without prejudice to a refiling of a new petition containing only the exhausted claims, or to a refiling of the original petition once the now-unexhausted claims become exhausted. This dismissal does not preclude Milone from moving this court for an amended order, under Fed.R. Civ.P. 59(e), that would allow Milone to amend his current petition to delete all the unexhausted claims. However, if Milone "decides to proceed only with his exhausted claims and deliberately sets aside his unex-

hausted claims[, he] risks dismissal of subsequent federal petitions" under 28 U.S.C. § 2254 Rule 9(b). *Rose*, 455 U.S. at 520–21, 102 S.Ct. at 1204–05.

### Conclusion

Respondent's motion to dismiss Richard Milone's petition for federal habeas corpus for failure to exhaust state remedies is granted.

It is so ordered.