UNITED STATES of America ex rel.
John M. BRANION, Jr., Petitioner,

v.

Richard B. GRAMLY, Respondent.

No. 86 C 9039.

United States District Court,
N.D. Illinois, E.D.

May 19, 1987.

Anthony D'Amato, Thomas Geraghty, Northwestern University Legal Clinic, Chicago, Ill., for petitioner.

Terence M. Madsen, Atty. Gen.'s Office, Chicago, Ill., for respondent.

## MEMORANDUM OPINION
## AND ORDER

GETZENDANNER, District Judge:

John M. Branion, Jr., has petitioned this court for a writ of habeas corpus pursuant to the habeas corpus statute, 28 U.S.C. § 2241 et seq. Respondent Richard B. Gramly has moved to dismiss the petition on the grounds that Branion has failed to exhaust his state remedies for relief as required by law. For the reasons stated below, the motion to dismiss is denied.

On May 28, 1968, after a jury trial in the Circuit Court of Cook County, Chicago, Illinois, Branion was convicted of murder. Judge Reginald Holzer presided over the trial. Branion appealed the judgment of conviction to the Supreme Court of Illinois. The Supreme Court affirmed the conviction on October 7, 1970. On June 7, 1971, the United States Supreme Court denied Branion's petition for a writ of certiorari. Branion did not file any post-conviction petitions for the relief he seeks here. Apparently, soon after Branion's conviction was affirmed by the Illinois Supreme Court, Branion became a fugitive from justice until 1983 when he was apprehended in Africa and brought back to Illinois to begin serving his sentence.

Branion's current petition for habeas corpus alleges four grounds entitling him to relief. First, Branion claims he was denied a fair trial because of the prosecutor's ex parte communications with the trial judge. Second, Branion was allegedly denied due process of law because he was convicted on the basis of evidence which no rational trier of fact could have found established his guilt beyond a reasonable doubt. Third, Branion was allegedly deprived of his right to a fair trial by his counsel's failure to provide him with a competent defense. Fourth, Branion's right to a fair trial and due process of law were allegedly violated by the misconduct of the prosecutors at the trial. Ground One (ex parte communications) was not presented to the Illinois Supreme Court. Ground Two (insufficiency of evidence) was presented to the Illinois Supreme Court and was rejected. Ground Three (incompetence of counsel) has not been presented to any Illinois court. Ground Four (prosecutorial misconduct) is based on three different instances of misconduct. One of these instances has not been presented to any Illinois court. Thus, of the four grounds raised here, two of them and part of a third were not presented on direct appeal to the Illinois Supreme Court. None has ever been presented to an Illinois court through a post-conviction petition.

### Legal Discussion

■ Before a federal court can consider a state prisoner's petition for a writ of habeas corpus, considerations of federalism and comity normally require that the prisoner first exhaust the available state remedies for his claims. 28 U.S.C. § 2254 ("An application for a writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State...."); *Rose v. Lundy,* 455 U.S. 509, 517, 102 S.Ct. 1198, 1202, 71 L.Ed.2d 379 (1982). This laudable policy gives the state courts a chance to correct their own constitutional errors. The exhaustion requirement applies only to the state remedies still available at the time the federal petition is filed. *Nutall v. Greer,* 764 F.2d 462, 463 (7th Cir.1985); *United States ex rel. Johnson v. McGinnis,* 734 F.2d 1193, 1196 (7th Cir. 1984). *See also* 28 U.S.C. § 2254(c) (requiring exhaustion when state remedy is available for petitioner to present his habeas claims). Furthermore, the federal habeas corpus statute allows for nonexhaustion of state remedies where circumstances exist rendering state remedies "ineffective" to protect the constitutional rights of the state prisoner. *Young v. Ragen,* 337 U.S. 235, 238–39, 69 S.Ct. 1073, 1074, 93 L.Ed. 1333 (1949); *Thompson v. Reivitz,* 746 F.2d 397, 400 (7th Cir.1984), *cert. denied,* 471 U.S. 1103, 105 S.Ct. 2332, 85 L.Ed.2d 849 (1985). Thus, the question presented here is whether Branion has exhausted the still-available remedies for his claims, and if not, whether that nonexhaustion can be excused on the grounds that those remedies would be ineffective. If Branion has

filed a petition which contains both exhausted and unexhausted claims, this court would be required to dismiss the entire petition. *Rose v. Lundy,* 455 U.S. at 520, 102 S.Ct. at 1204. Branion would have the option of seeking leave to amend the petition to delete the unexhausted claims. *Id.*

Respondent contends that there exist two state remedies still available to Branion for the presentation of at least some of his claims. The first is the "Relief from Judgments" statute, Ill.Rev.Stat. ch. 110, ¶ 2–1401. The second is the Illinois Post-Conviction Hearing Act, Ill.Rev.Stat. ch. 38, ¶ 122–1 et seq. Branion argues that both of these remedies are time-barred. The court will assess the availability of these two remedies separately.

I. *Relief from Judgment under ¶ 2–1401*

Respondent argues that Branion can obtain habeas relief from the state courts for Ground One (ex parte communications) by filing a ¶ 2–1401 petition. The purpose of a ¶ 2–1401 petition is to obtain the vacation of a judgment where facts exist which, had they been known at the time of trial, would have prevented the rendition of judgment against the petitioner. *See People v. Hinton,* 52 Ill.2d 239, 287 N.E.2d 657 (1972), *cert. denied,* 410 U.S. 940, 93 S.Ct. 1404, 35 L.Ed.2d 606 (1973) (however, failure to present facts at trial must be due to duress, fraud or excusable mistake). Here, Branion contends he was denied a fair trial as the result of the ex parte communications between the judge and prosecutor. This communication was allegedly not disclosed until September, 1986, after Judge Holzer's federal criminal trial. Respondent contends that this claim may well entitle Branion to ¶ 2–1401 relief because he will be excused for not having known of the ex parte communications during the trial proceedings. Thus, according to respondent, ¶ 2–1401 is an "available" and "effective" avenue for relief.

A petition under ¶ 2–1401 must be filed within two years of the date of conviction. *See* ¶ 2–1401(c). However, "[t]ime during which ... the ground for relief is fraudulently concealed shall be excluded in computing the period of two years." *Id.* Here, the judgment of conviction was entered almost twenty years ago. Respondent nevertheless maintains that tolling will likely be available to revive the ¶ 2–1401 claim. This is not true. The only possible basis for tolling a ¶ 2–1401 claim is the statutory provision for "fraudulent concealment." However, fraudulent concealment as a grounds for excluding time from the statute of limitations, "requires affirmative acts or representations designed to prevent discovery of the cause of action or ground for relief." *Crowell v. Bilandic,* 81 Ill.2d 422, 428, 44 Ill.Dec. 110, 411 N.E.2d 16 (1980). There is nothing in Branion's petition to even suggest that affirmative acts were taken to conceal from Branion the fact of the ex parte communications. At most, those who knew of the communications (the judge and prosecutor) were silent about them. But silence alone will not constitute fraudulent concealment. *Id.* (citing *Chicago Park District v. Kenroy, Inc.,* 78 Ill.2d 555, 561, 37 Ill.Dec. 291, 402 N.E.2d 181 (1980). Given this, there is no reason to suppose that if this court were to remit Branion to state court for the purpose of filing a ¶ 2–1401 challenge to his 1968 conviction, the state court would toll the limitations period and consider his 1987 petition timely. The absence of any allegations that the state affirmatively undertook to conceal the fact of the ex parte communications demonstrates that tolling would be unavailable. Accordingly, since the two-year limitations period has now lapsed, ¶ 2–1401 is not a state remedy still available to Branion for presentation of the ex parte communications claim. Since respondent makes no other argument for supposing that ¶ 2–1401 is still available, the court concludes that ¶ 2–1401 may not be cited as a reason for regarding Branion's claims to this court as unexhausted.

II. *Relief under the Illinois Post-Conviction Hearing Act*

Respondent next argues that Branion can bring his claims before an Illinois court under the Post-Conviction Hearing Act, Ill. Rev.Stat. ch. 38, ¶ 122–1 et seq. There is a

limitations problem here, too. Under this Act, "[n]o proceedings ... shall be commenced more than 10 years after rendition of final judgment, unless the petitioner alleges facts showing that the delay was not due to his culpable negligence." *Id.* While far more than ten years have elapsed since the 1970 Illinois Supreme Court affirmance of Branion's 1968 conviction, respondent believes that Branion should still be remitted to state court because he can make the claim that he is entitled to tolling on account of his freedom from "culpable negligence." Thus, in respondent's view, this state remedy is still available.

Several years ago the Seventh Circuit signified the importance of the "culpable negligence" tolling rule as it relates to the federal exhaustion requirement:

> It is apparent to us that under the Illinois Act mere lapse of time will not bar the filing of a petition for a post-conviction hearing, if the petitioner is able to show that his delay was not due to his culpable negligence. The determination of the freedom from culpable negligence is a question for the state courts to decide. Before he resorts to the federal courts for relief, Stevens must exhaust his remedy under the state's Post-Conviction Hearing Act, inasmuch as we already held herein that circumstances do not exist rendering such process ineffective to protect his rights.

*United States ex rel. Stevens v. Ragen,* 244 F.2d 420 (7th Cir.), *cert. denied,* 355 U.S. 846, 78 S.Ct. 71, 2 L.Ed.2d 55 (1957). In *United States ex rel. Milone v. Camp,* 643 F.Supp. 679 (N.D.Ill.1986), I discussed the *Stevens* decision. Finding the holding still to be good law, I "view[ed] *Stevens* as requiring a habeas petitioner to file a late post-conviction petition before seeking federal habeas relief, but only if he can allege in good faith that his failure to file a timely post-conviction petition was not due to his culpable negligence." *Id.* at 684. I held in *Milone* that the petitioner there could in good faith allege his freedom from culpable negligence because he explicitly alleged in his federal habeas petition that his retained attorneys ineffectively represented him by not filing post-conviction petitions. *Id.*

Thus, taking the petitioner's habeas allegations as true, I felt he could easily "make a colorable claim that his failure to file a timely post-conviction petition was due to the ineffective assistance of counsel he received rather than to his own culpable negligence." *Id.*

Given my reasoning in *Milone,* the opposite result is compelled here. First and critically, there is no allegation in Branion's petition that his retained, post-trial counsel was incompetent. The presence of such an allegation in *Milone* persuaded me that an Illinois post-conviction court would probably not attribute the petitioner's tardiness to the petitioner. Here, by contrast, Branion does not allege his tardiness can be attributed to an incompetent lawyer. It is therefore difficult for me to see how Branion can make a good faith claim for tolling, and how an Illinois post-conviction court would likely find Branion to be free from culpable negligence.

Furthermore, Branion was an admitted fugitive from justice from 1970 through 1983. If there ever was a case where delay in filing a post-conviction petition could be attributed to the culpability of the petitioner, this is it. I certainly do not condone state bail-jumping and I suspect that Illinois courts feel even more strongly about that state crime. Precisely for this reason I cannot believe that Branion could make a "good faith" argument, see *Milone,* 643 F.Supp. at 684, that his failure to file a timely post-conviction petition was not due to his culpable negligence.

There are only a few reported Illinois cases evaluating a petitioner's claim of freedom from culpable negligence. The Illinois post-conviction courts have rejected *all* such claims and on facts which are arguably more sympathetic to the petitioner than those alleged here. *See, e.g., People v. Montgomery,* 45 Ill.2d 94, 256 N.E.2d 802 (1970) (no freedom from culpable negligence sufficient to toll statute, even though petitioner suffered from a mental disturbance); *People v. Lansing,* 35 Ill.2d 247, 220 N.E.2d 218 (1966) (petitioner's sixth grade education and unfamiliarity with law insufficient to toll statute); *Peo-*

*ple v. Diefenbaugh,* 40 Ill.2d 73, 237 N.E.2d 512. (1968) (petitioner's diligence in attempting to obtain trial transcript not sufficient to toll statute); *People v. Harrison,* 32 Ill.App.3d 641, 336 N.E.2d 143 (1st Dist.1975) (fact that petitioner was not advised of right to appeal, did not know he could appeal, and had no money for an attorney, were insufficient to demonstrate freedom from culpable negligence). Again, I was confident in *Milone* that Milone's incompetent, retained post-trial counsel would, at least arguably, establish Milone's personal freedom from culpable negligence. *See Milone,* 643 F.Supp. at 685 & n. 3. Because that factor is absent here, and because Branion was a fugitive during the post-conviction limitations period, I am persuaded that Branion would be considered "culpably negligent" in having failed to file a timely post-conviction petition. An Illinois court faced with a Branion petition would undoubtedly consider Branion's claims entirely time-barred. Thus, unlike Milone, he can make no good faith argument for tolling. Accordingly, the Post-Conviction Act remedy is no longer available and Branion cannot be required to exhaust it. (Of course, Branion's fugitive status and the competence of his post-trial counsel may cause "procedural default" or "waiver" problems; but those issues are not now before me and I do not intimate a view on them.)

## Conclusion

Respondent's motion to dismiss Branion's petition for a writ of habeas corpus, based on Branion's alleged failure to exhaust state remedies, is denied.

It is so ordered.