NOTICE

Decision filed 10/25/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 200003-U

NO. 5-20-0003

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 96-CF-2295 |
| | ) | |
| JEFFREY A. EWING, | ) | Honorable |
| | ) | Sarah D. Smith, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Welch and Barberis concurred in the judgment.

**ORDER**

¶ 1 *Held*: The circuit court properly dismissed defendant's section 2-1401 petition where the petition was filed more than 20 years after defendant's conviction and the judgment of conviction was not void for want of jurisdiction. As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2 Defendant, Jeffrey A. Ewing, appeals the circuit court's order dismissing his petition pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 *et seq.* (West 2020)). His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that the circuit court erred in dismissing defendant's petition. Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD has notified defendant of its motion, and this court granted an extension of time to file a response.

1

However, he has not done so. After considering the record on appeal, OSAD's memorandum, and its supporting brief, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                    BACKGROUND

¶ 4    Following a jury trial in 1999, defendant was found guilty of knowing murder, felony murder, armed violence, and possession of a firearm without a firearm owner's identification (FOID) card. The court sentenced him to 45 years' imprisonment for murder, 20 years for armed violence, and 3 years for the FOID card offense, all to run concurrently.

¶ 5    The basic facts relevant to this appeal are as follows. Clifton Wheeler shot Dwight Riddlespringer to death on December 15, 1996. Defendant was charged with a violation of the Firearm Owners Identification Card Act (FOID Act) (430 ILCS 65/0.01 *et seq.* (West 1994)), based on his having given Wheeler the gun used to shoot Riddlespringer. During the investigation, Demond Spruill contacted police and informed them that defendant had told him that he gave Wheeler the weapon and told Wheeler, "Here, handle your business." Spruill also told police that defendant asked him to dispose of the murder weapon.

¶ 6    The State secured new charges against defendant for first degree murder and armed violence as well as the FOID card violation. Spruill later contacted police again, telling them that defendant wanted to have witnesses bribed or killed. As a result, the State obtained a warrant to have Spruill wear a wire while speaking with defendant. Later, police obtained a warrant to search Spruill's home for recordings of those conversations. Both warrants were signed by Judge Charles Romani, who briefly presided over defendant's case but recused himself prior to trial.

¶ 7    Prior to trial, the court granted in part a defense motion to bar testimony about the recorded conversations. At trial, several eyewitnesses testified that they saw defendant hand Wheeler the

2

gun. Spruill gave limited testimony about his conversations with defendant. The jury found defendant guilty on all counts.

¶ 8    On direct appeal, we vacated defendant's armed violence conviction but otherwise affirmed. *People v. Ewing*, 337 Ill. App. 3d 1190 (2003) (table) (unpublished order under Illinois Supreme Court Rule 23). Since then, defendant has filed at least six collateral attacks upon his conviction, including a postconviction petition and five section 2-1401 petitions.

¶ 9    In 2010, he filed his first section 2-1401 petition, alleging that his murder conviction was void because that charge was procured in violation of the compulsory joinder statute. See 720 ILCS 5/3-3 (West 1996). The circuit court dismissed the petition. Noting that the petition was untimely, and that defendant had not alleged a sufficient reason for the late filing, we affirmed the dismissal. *People v. Ewing*, 2013 IL App (5th) 110147-U, ¶ 24.

¶ 10    Defendant's second section 2-1401 petition, filed in 2013, claimed that his conviction was void because the evidence used to secure his initial arrest was obtained through an illegal eavesdropping order. The circuit court dismissed the petition. On appeal, OSAD moved to withdraw. We granted the motion and affirmed the dismissal. *People v. Ewing*, 2016 IL App (5th) 130359-U.

¶ 11    In 2014, defendant filed his third postjudgment petition, alleging "newly discovered evidence of perjured testimony and fraudulent concealment." The circuit court dismissed the petition. The court found the petition untimely and that defendant had failed to demonstrate any fraudulent concealment or evidence of actual innocence that would have excused the late filing. On appeal, OSAD again moved to withdraw. We allowed the motion and affirmed the dismissal. *People v. Ewing*, 2017 IL App (5th) 140398-U.

3

¶ 12    A fourth such petition, filed in 2015, again alleged that irregularities in issuing the eavesdropping order rendered the subsequent proceedings void. The circuit court found that the petition was filed outside of the two-year limitations period, stated no valid reason why the late filing should be excused, and the claims alleging a lack of jurisdiction had no merit. We granted OSAD's motion to withdraw and affirmed the circuit court. *People v. Ewing*, No. 5-16-0037 (2021) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 13    In 2019, defendant filed his fifth section 2-1401 petition, which is the subject of this appeal. There, he alleged that (1) his conviction for violating the FOID Act was void because it was based on an unconstitutional statute; (2) the circuit court did not have personal jurisdiction over him because Judge Romani failed to recuse himself following *ex parte* communications with the State and the police regarding the search warrant and eavesdropping orders; (3) his attorney's conflict of interest prevented him from seeking to dismiss the murder charges filed in violation of the compulsory joinder statute; and (4) the eavesdropping order was void *ab initio* because it was based on a facially unconstitutional statute.

¶ 14    The court found that the petition was not supported by affidavits or other evidence of facts outside the record that the court had not already considered and that it did not properly allege any reason for its untimely filing. The court found that the FOID Act was constitutional. It therefore dismissed the petition. Defendant timely appealed.

¶ 15                                        ANALYSIS

¶ 16    OSAD contends that there is no reasonably meritorious argument that the circuit court erred in dismissing the petition. OSAD notes that it was filed more than 20 years after defendant's conviction and does not allege any valid reason to excuse the late filing. We agree.

4

¶ 17    Section 2-1401 establishes a comprehensive, statutory procedure that allows for the vacatur of a final judgment older than 30 days. *People v. Vincent*, 226 Ill. 2d 1, 7 (2007). The statute requires that a petition be supported by affidavits or other appropriate evidence of matters outside the record. 735 ILCS 5/2-1401(b) (West 2018). Further, a petition must be filed not later than two years after the order or judgment being challenged. *Id.* § 2-1401(c). The statute provides an exception for legal disability and duress or if the ground for relief is fraudulently concealed. *Id.* In addition, a void judgment may be attacked at any time. *Id.* § 2-1401(f).

¶ 18    A judgment is only void if it was entered by a court that lacked personal or subject matter jurisdiction, or where it was based on a facially unconstitutional statute. *People v. Price*, 2016 IL 118613, ¶ 31. With one exception not applicable here, a circuit court's subject matter jurisdiction is conferred entirely by the constitution. *People v. Castleberry*, 2015 IL 116916, ¶ 15 (citing *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002)). Subject matter jurisdiction refers to a court's power to hear and decide cases of the general class to which the proceeding in question belongs and extends to all " 'justiciable matters.' " *Id.* (quoting Ill. Const. 1970, art. VI, § 9).

¶ 19    The first claim in defendant's most recent petition is that his FOID card conviction is void because the underlying statute was declared unconstitutional. It is true that the Safe Neighborhoods Law (Pub. Act 88-680 (eff. Jan. 1, 1995)), which, *inter alia*, amended the FOID card statute, was held unconstitutional in violation of the single-subject rule (Ill. Const. 1970, art. IV, § 8(d)). *People v. Cervantes*, 189 Ill. 2d 80, 94-94 (1999). However, before defendant committed the offense, the statute was amended again by Public Act 89-377 (eff. Aug. 18, 1995). Defendant was convicted under the statute as amended by Public Act 89-377, which has never been found unconstitutional. See 430 ILCS 65/14 (West 1996).

5

¶ 20     Defendant's next contention is that the circuit court did not have personal jurisdiction over him because Judge Romani engaged in improper *ex parte* communications with the prosecutor and the police prior to issuing the search warrant and eavesdropping orders. He then failed to inform defendant of those communications, allegedly in violation of Illinois Supreme Court Rules 62(a) and 63(a)(4) and Rule 17 of the Circuit Court of Madison County. Defendant further alleged that the facts underlying the issue were fraudulently concealed from him and that the court's allegedly improper actions deprived it of personal jurisdiction over him.

¶ 21     Search warrants and eavesdropping orders are routinely issued *ex parte*. A judge's function as a neutral magistrate considering search warrant requests is considered separate from the function of conducting court proceedings. See *Withrow v. Larkin*, 421 U.S. 35, 56 (1975). The fact that a judge issued a warrant does not necessarily bar him or her from presiding over a criminal trial involving the subject of the warrant. *People v. Antoine*, 335 Ill. App. 3d 562, 572-73 (2002).

¶ 22     Although the judge acted within his authority in issuing the warrants, defendant's petition alleged that he "remains skeptical and believe's [*sic*] that fraud, collusion or something improper has happened." However, this is sheer speculation, unsupported by any evidence or reasoned argument.

¶ 23     Moreover, the warrants were not fraudulently concealed. Fraudulent concealment sufficient to toll the two-year limitation period requires " 'affirmative acts or representations designed to prevent discovery of the cause of action or ground for relief.' " *People v. Coleman*, 206 Ill. 2d 261, 290-91 (2002) (quoting *Crowell v. Bilandic*, 81 Ill. 2d 422, 428 (1980)). Here, Spruill testified at trial about the warrants. Defendant raised issues concerning the eavesdropping orders in two of his previous petitions. He concedes in the present petition that he received discovery about the warrants as early as 1999. He was plainly aware of the warrants more than

6

two years before he filed the instant petition. Moreover, Judge Romani's participation in issuing the warrants was not fraudulently concealed: he signed all three documents.

¶ 24 Further, even if defendant could prove his specious allegations regarding fraud and collusion, this would not alter the facts that the circuit court of Madison County had the constitutional power to adjudicate criminal cases in 1996 and that it had acquired personal jurisdiction over defendant by virtue of a proper charging instrument having been filed and defendant pleading to it. Because jurisdiction is granted by the constitution, once a court acquires jurisdiction, its subsequent actions, and rulings, even if incorrect, cannot divest it of jurisdiction, "for the power to decide carries with it the power to decide wrong as well as to decide right." *People v. Davis*, 156 Ill. 2d 149, 156 (1993).

¶ 25 Defendant's third principal contention was that his attorney's conflict of interest kept him from seeking to dismiss the added charges under the compulsory joinder rule. The compulsory joinder statute requires that the State prosecute in a single action all offenses based on the same act. 720 ILCS 5/3-3(b) (West 1996).

¶ 26 Here, after defendant's original attorney withdrew, he retained Jack Daugherty, the former prosecutor who had procured the original FOID card charge against him. In open court, defendant waived any conflict of interest.

¶ 27 In his most recent petition, defendant argued that his waiver was not knowing and voluntary because he did not understand the significance of the conflict or the impact it had on Daugherty's failure to move to dismiss the murder charge under the mandatory joinder rule, as this was fraudulently concealed from him. He contended that the murder charge was subject to compulsory joinder with the initial FOID card charge, and, due to his prior association with the prosecution, Daugherty ineffectively failed to seek dismissal on that basis.

7

¶ 28    Defendant acknowledged that he had previously raised the compulsory joinder issue in his 2010 section 2-1401 petition. On appeal from the dismissal of that petition, this court found that his argument depended upon an ineffective-assistance claim, but such a claim was not raised in that petition. *Ewing*, 2013 IL App (5th) 110147-U, ¶ 22. We further noted that our supreme court has long held that section 2-1401 proceedings were not an appropriate forum for addressing ineffective assistance of counsel claims because such claims do not challenge the factual basis for the judgment. *Id.* ¶ 20 (citing *People v. Pinkonsly*, 207 Ill. 2d 555, 567 (2003)). We acknowledged that our supreme court had also held that section 2-1401 was a viable mechanism for bringing ineffective assistance of counsel claims where relief under the Post-Conviction Hearing Act was unavailable (*id.* (citing *People v. Lawton*, 212 Ill. 2d 285, 295 (2004))), but noted that defendant could raise his ineffective assistance of counsel claim in a postconviction petition and, moreover, had actually done so. *Id.*

¶ 29    Defendant now argues that the ineffectiveness claim can be raised here because the circuit court dismissed that claim from his postconviction petition. We disagree. What precludes him from raising his ineffective assistance of counsel claim in his section 2-1401 petition is not whether or how the postconviction court disposed of it, or even whether he chose to raise it in a postconviction petition. That such claim *could* be raised in postconviction proceedings is what removes it from the ambit of section 2-1401, irrespective of whether he actually raised it in a postconviction petition, or whether or how the postconviction court disposed of it.

¶ 30    Defendant's final contention is that the eavesdropping order was void *ab initio* because it was based on a facially unconstitutional statute. However, this may be, the eavesdropping order was not the basis of the court's jurisdiction over defendant. Defendant raised various complaints about the eavesdropping order in his most recent prior petition. In affirming that petition's

dismissal on the ground that it was filed well beyond the two-year limitations period, we noted that any defects in the proceedings surrounding the eavesdropping order did not deprive the circuit court of jurisdiction. We stated: "Here, the circuit court acquired subject matter jurisdiction when the State initiated a criminal prosecution by filing charges against [defendant], and it acquired personal jurisdiction when he appeared before it. Any impropriety in the issuance of the eavesdropping order would not have ousted jurisdiction and would not have resulted in a void judgment." *Ewing*, No. 5-16-0037, ¶ 8. So too here.

¶ 31                                  CONCLUSION

¶ 32    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 33    Motion granted; judgment affirmed.